NEIL O'DONNELL AND HUGH O'DONNELL v. THE CONNECTICUT FIRE INSURANCE COMPANY.

*Pleading—Declaration on insurance policy—Variance—Error without prejudice.*

1. The rule that non-prejudical error should be disregarded means such error as does not prevent a party from obtaining his just rights, and applies in all cases and in all proceedings had before courts.

2. In a suit upon an insurance policy, where the declaration is in the usual form, and the plea the general issue, the plaintiff cannot show a different contract for insurance than that set up in the policy.

Error to Monroe. (Kinne, J.) Argued October 16, 1888. Decided November 28, 1888.

*Assumpsit* on insurance policy. Defendant brings error. Reversed. The facts are stated in the opinion.

*Norris & Norris,* for appellant.

*Cramer & Corbin,* for plaintiff.

SHERWOOD, C. J. This suit is brought to recover for a loss sustained by the destruction of plaintiffs' property by fire, which was insured, or is claimed to have been insured, in the defendant company, under policy issued to the plaintiffs, and numbered 1,032. The property described in the policy of insurance is as follows, with the amount of insurance thereon:

---

* Continued from Vol. 72.

[1] For full digest of points decided, see *Table of Cases Reported.*

"$1,000 upon their stock of staves and heading contained in sheds and open yard; $200 upon frame barrelhouse; $200 upon cooper stock therein,—all situated in yard east of and adjacent to their stave and heading mill, situate at Dundee, Monroe county, Mich."

The policy also contains the following clauses:

"Other insurance permitted. It is guaranteed that there shall be a clear space of 200 feet between staves and heading and mill."

The plaintiffs' mill and stave factory was located at Dundee, in the county of Monroe. There was no written application or survey made. The local agent who effected the insurance for the company lived at Tecumseh, was acquainted with plaintiffs' mill and yard, and knew the location of the property insured. There is no pretense but that the fire was accidental.

The declaration is the usual one is such cases, and the plea was the general issue. The cause was tried in the Monroe circuit court by jury, and the plaintiffs had judgment. The defendant brings error. A large number of errors are assigned.

The property burned was a quantity of heading of the value of $1,000, and the judgment recovered was for $1,083.48.

At the time the insurance was ordered the order was given by the plaintiffs' agent, Mr. Donahue. He says:

"I gave the agent to understand that we wanted the staves and heading in the mill-yard insured. * * * We asked De Mott [the company's agent] · to place $1,000 on our staves and headings. He said he would do it."

Mr. De Mott, when sworn, testified it was his best recollection that he told Donahue, when he gave the order, that, unless the staves and headings were 200 feet from the mill, the company could not insure the property. Mr. Donahue testified that he did not recollect "any

conversation" between them "to that effect at all." It is conceded that the property, when burned, was not 200 feet from the mill, but was in the same locality as when insured. The court in its charge left it to the jury to say which of the two agents was correct in regard to their statements about the distance, and as to whether there was anything said by defendant's agent upon that subject.

It was the theory of the plaintiffs that the company agreed to insure their property in their yard just where it stood, for the rate paid by the plaintiffs; that the company's agent insured their property for several years before; that he had been to Dundee, where it was located, and viewed the property, and knew all about its location, and in what it consisted; that he took the verbal order of plaintiffs' agent for the insurance in question, with the understanding that plaintiffs wanted insurance upon all the staves and heading in their yard; that so familiar was defendant's agent with the premises, the property, and its situation that he undertook, and was permitted, to complete whatever was necessary to effect the insurance, and make out the policy, without further treaty or assistance from the agent of the plaintiffs, and did so; and that plaintiffs' agent received the policy then made, at the convenience of the company's agent at Tecumseh, and, without examining the policy further than to ascertain the amount of premium to be paid, laid it away, and did not look at it again until after the fire, when at the plaintiffs' attorneys' office he examined its contents and conditions, and ascertained that it contained the condition relating to the 200 feet space; that this was put in without the consent of plaintiffs, and without the order of their agent, and that the clause is a mistake or fraudulent interpolation; that plaintiffs paid the premium in good

faith, upon the order they gave for the insurance of their property as it stood, and are now entitled to the benefit of their contract with defendant.

On the contrary of this, it was the theory and claim of the defendant that the policy states the contract between the parties, and all the conditions are as were made between them by their agents.

We should have but little difficulty with the case had the plaintiffs brought the action upon the contract for insurance as they claim it, but the declaration is rather upon the policy, under our rules, and there has been a trial on the merits of the contract for insurance as claimed by the plaintiffs, and, though objected to by counsel upon the part of the defendant, the trial was the same as though the contract contained in the policy had been urged under a notice on the part of the defendant; and the question now comes up, what ought this Court to do, under such circumstances? All the evidence is before us, and the merits appear to have been fully gone into, and it would seem to be needless expense and trouble to send the case back for a new trial, unless errors should be found making it necessary, because of the peculiarity of the pleadings.

The rule that error which does not prejudice should be disregarded means such error as does not prevent a party from obtaining his just rights, and applies in all cases and in all proceedings had before courts; and, while the rule is one of the most wholesome in our system of jurisprudence, its application is not unfrequently fraught with much danger. But my brethren all think to apply it now here would be so manifestly improper that we should not treat the case as was done by counsel for plaintiffs, and the court at the circuit, as an action on the contract for insurance. Had the defendant offered no proofs, the cir-

cuit judge would not, we apprehend, have felt at liberty to take the course he did.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.