THE CONNECTICUT FIRE INSURANCE COMPANY v. EDWARD D. KINNE, JUDGE OF THE CIRCUIT COURT FOR MONROE COUNTY.

[See 73 Mich. 1.]

*Fire insurance—Pleading—Amendment of declaration—New cause of action.*

1. A declaration in the usual form upon an insurance policy cannot be amended so as to claim damages for the failure of the defendant to deliver a policy of insurance in conformity to an alleged *verbal* agreement, the *causes* of action being independent and distinct.

2. A declaration upon an insurance policy which contains a guarantee on the part of the insured "that there shall be a clear space of 200 feet between staves and heading and mill," cannot be amended so as to eliminate said clause from the policy, under an allegation that the same was inserted either through mistake or fraud, and was never assented to by the insured.

*Mandamus.* Submitted June 19, 1889. Granted November 1, 1889.

Relator applies for *mandamus* to compel respondent to vacate an order allowing an amended declaration to be filed. The facts are stated in the opinion.

*Norris & Norris,* for relator.

*Cramer & Corbin,* for respondent

[The points of counsel are stated in the opinion. REPORTER.]

MORSE, J. Neil O'Donnell and Hugh O'Donnell, composing the firm of N. & H. O'Donnell, brought suit in *assumpsit* in the Monroe county circuit court against the Connecticut Fire Insurance Company. The suit was commenced by summons. A declaration was filed, to which the defendant company filed a plea of the general issue. A trial was had, and judgment rendered in favor of the plaintiffs, February 21, 1888, for the sum of $1,083.48. The case came to this Court, and the judgment was here reversed, and a new trial granted. It will be found reported in 73 Mich. 1 (41 N. W. Rep. 95).

The declaration was upon the policy as it read. The case was treated on the trial in the court below as a suit upon a contract for insurance, as claimed by the plaintiffs, which differed materially from the contract as contained in the policy of insurance. The property insured is described in the policy as follows, with the insurance taken thereon:

"$1,000 upon their stock of staves and heading, contained in sheds and open yards; $200 upon frame barrel-house; $200 upon cooper stock therein,—all situated in yard east of and adjacent to their stave and heading mill, situate at Dundee, Monroe county, Mich."

The policy also contained the following, among other clauses:

"Other insurance permitted. It is guaranteed that there shall be a clear space of 200 feet between staves and heading and mill."

The property burned was a quantity of heading, of the value of $1,000. It was conceded on the trial and in this Court that the property, when burned, was not 200 feet from the mill; but it was located in the same place as when insured, and the agent of the insurance company knew its location at the time of taking the insurance. The plaintiffs were allowed to recover in the circuit court upon the theory that the company agreed to insure this heading in their yard just where it stood, and that the condition as to the 200 feet space was put in the policy without the knowledge or consent of the plaintiffs, and that they knew nothing of such insertion until after the fire, when they for the first time examined the policy; that the clause was a mistake or a fraudulent interposition; that plaintiffs paid the insurance company the premium in good faith, upon the order they gave for the insurance of their property as it stood; and that they were therefore entitled to the benefit of their contract as made. We held that this theory was not permissible under the declaration filed in the cause.

After the decision in this Court, and on January 17, 1889, a *remittitur* was filed in the court below, and the cause, March 12, 1889, noticed for trial for the April, 1889, term of that court by defendant. March 14, 1889, plaintiffs entered a motion for leave to file an amended declaration, and filed a copy of their proposed declaration as amended. Upon a hearing of this motion, which was resisted by the defendant, the circuit judge made an order granting the motion. A motion was then made to

vacate this order, which was denied. We are now asked to compel by *mandamus* the vacation of the same.

The amended declaration is in two counts. The first count sets out an oral contract for insurance, substantially as plaintiffs claimed they had established it on the first trial. It alleges that plaintiffs made a verbal application to defendant for insurance; that in response to said application the agent of the defendant called at plaintiffs' place of business, and there examined all the property to be insured, which was pointed out to him; that he then and there saw the property, and knew its location with respect to the stave-mill; and, after such examination and designation, well knowing its location, he contracted on behalf of said defendant to insure said property for the sums hereinbefore stated, in consideration of $28 then and there paid by plaintiffs to defendant, for one year, and also agreed that defendant would issue a policy of insurance to plaintiffs in accordance with said contract; that defendant did not deliver the policy as agreed, but delivered a policy containing this clause:

"It is guaranteed that there shall be a clear space of 200 feet between staves and heading and mill."

Plaintiffs further allege that at the time said defendant inspected the property, as before stated, said staves and heading were not 200 feet from plaintiffs' mill, and such fact was known by the defendant at the time of the making of the contract for insurance, and that the clause in reference to the 200 feet clear space was written in the policy delivered by said defendant either through mistake or fraud, and without the consent or knowledge of the plaintiffs. ·

Plaintiffs aver that they never knew of or consented to this clause in the policy, and that such clause is a fraud upon them; that they relied upon the contract as made

by them, and did not examine or read said policy until after the burning of said staves and heading. The destruction by fire of the staves and heading is then alleged, whereby the plaintiffs claim damages in the sum of $1,000—

"By reason of the defendant not performing its said contract and agreement for insurance so made with the plaintiffs as aforesaid, and by not executing and delivering to the plaintiffs a policy of insurance therein, and thereby insuring the plaintiffs against loss or damage by fire upon said property, according to the terms of said contract and agreement for insurance so made as aforesaid, and by fraudulently inserting in said pretended policy said 200 feet clear space clause."

The second count consists of the original declaration, with the following amendment, inserted after the allegation of the insurance of the property by a written policy of insurance, to wit:

"And these plaintiffs allege that the said defendant did, at the time and place aforesaid, either through mistake or fraudulently, insert and write in said policy the following words and figures, to wit:

"'It is guaranteed that there shall be a clear space of 200 feet between staves and heading and mill.'

"Which last words or clause was never assented to or known to be in said policy by the said plaintiffs, nor assented to by them in any way at the time of making said contract and agreement and policy of insurance; and the plaintiffs allege that they never knew of said clause in regard to the 200 feet until after the said staves and heading were burned, as hereinafter mentioned, nor did they ever in any way consent to the same ; nor should the said clause be held as a part of said policy, so far as these plaintiffs are concerned, but should be held as a mistake or fraud as regards them."

Some minor amendments are also made to conform to this main amendment, so that the declaration becomes in fact a claim of insurance based upon the policy issued,

with the 200 feet space clause eliminated therefrom as a mistake or fraud.

It is conceded that the policy of insurance contains a limitation clause as to the bringing of suit, and it is claimed by the relator,—this limit being one year, and having passed at the time the amendment was made,— that, if a new suit was begun, this limitation could be pleaded in bar of plaintiffs' claim; that if the amendment is allowed to stand, this right to plead is defeated; that the amendment, as allowed, sets forth a new and distinct cause of action, and therefore should not be permitted. See *Gorman v. Judge,* 27 Mich. 138; *Mich. Cent. R. R. Co. v. Judge,* 35 Id. 227. But it is contended by the respondent that this limitation contained in the policy is not only doubtful in its validity, but could be waived by the defendant or its agent, and therefore the cases cited, which apply to the statute of limitations, are not in point here.

It seems to me that the first count of the amended declaration introduces a new cause of action. The original declaration, as before said, counted upon a written contract of insurance, and claimed damages for the breach of that contract in the failure or refusal to pay the amount of the insurance upon loss by fire without the fault of plaintiffs. The first count of the amended declaration claims damages for the refusal of the defendant to deliver a policy of insurance in conformity to a verbal agreement; by which the plaintiffs were deprived of the insurance upon their goods for which they had contracted. These are two independent and distinct causes of action, although both sound in *assumpsit*, and may be said to grow out of the same transaction. Does our statute of amendments, in the discretion of the circuit judge, allow an amendment of this character? We think not.

It is further objected to the second count in the amended declaration that it seeks to reform and alter the contract sued upon by striking out the "200 feet space" clause in a court of law, and that this can only be done in equity. In this count the plaintiffs plainly sue upon the policy as it would stand with this clause omitted, and charge that such clause was inserted without their knowledge and consent, by the defendant, the relator, by mistake or fraud; and insist that they have the right to treat and sue upon said contract as if no such clause was inserted in it. If this can be done, it is clear that no new cause of action is substituted by the amendment, and the allowance of the amendment would be properly within the discretion of the court. It would be substantially the same cause of action, the variance being only in the terms or conditions of the contract sued upon to meet the proofs as developed on the trial of the cause. If a mistake were made in setting out a contract in a declaration, as to some of its terms and conditions, there can be no doubt that the trial court would have the power to allow an amendment to be made to correct such mistake.

The only question to be considered is whether or not this alleged mistake or fraud in the writing of the insurance policy can be corrected in a court of law in the manner here sought to be done. We are satisfied that it cannot be so corrected.

The writ of *mandamus* is therefore granted as prayed, with costs against the plaintiffs in the suit, Neil and Hugh O'Donnell.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred with MORSE, J.

SHERWOOD, C. J., *(dissenting)*. I cannot concur in the opinion of my Brother MORSE in this case. It was

never necessary that a contract of insurance should be in writing in order to be binding upon the company after it received the premium from the insured, and recognized its obligation in such manner to pay when there had been no fraud on the part of the insured, and the policy is only for the purpose of evidencing the terms of the contract. In a suit to enforce the liability of the company it may be brought on the contract for insurance as well as upon the policy. The claim, or cause of action, is the same in both the contract and the policy. The damages, and the measure thereof, are also the same under each, and ascertained in the same way, and are recoverable in the same form of action under each; and a breach of one is always a breach of the other, as the policy must always include and be based upon the contract for insurance. The latter, in fact, determines the terms and conditions of the former, and the former can contain no element different from the latter. For this reason a declaration containing a count upon the one may always be amended by adding a count upon the other without introducing a new or different cause of action; and such I conceive to be the question in the present case, and I have no doubt of the correctness of the action of the circuit judge.

I think the *mandamus* should be denied, with costs.