## HILL *v.* LONDON ASSUR. CORP.

*(Common Pleas of New York City and County, General Term.   April 7, 1890.)*

1. FIRE POLICY—REMOVAL—WAIVER.

A fire insurance policy expressly stipulated that no officer of the company should be held to have waived any of the terms and conditions of the policy unless such waiver was indorsed upon the policy. The insured delivered the policy to the agent of the company to procure its consent to a removal of the insured property, and the

agent returned it without indorsement of any kind, and informed the insured that all proper formalities had been complied with. *Held*, that a forfeiture resulted from a removal.

**2. SAME—ADJUSTMENT.**

There being an express provision in the policy that the company might cause investigation and appraisal to be made without being deemed to have waived any forfeiture, no waiver could be inferred by the reference of the matter after the fire to an adjuster for investigation and appraisal.

Appeal from city court, general term.

This action was brought upon a policy of fire insurance, in which, among other things, it was provided that the same should cover household furniture and other articles of personal property belonging to plaintiff "while contained in the frame dwelling situate, detached, at Bay Side, Long Island." The policy was originally issued to plaintiff through L. L. Whitney, who was a general agent of the defendant for the city of Brooklyn and its vicinity. Testimony was introduced on behalf of the plaintiff, which the jury evidently believed, to the effect that on or about the 9th day of August, 1887, plaintiff took the policy back to said agent, and informed him that he was about to remove the property covered by the policy to another place of residence, and at the same time requested the agent to procure the consent of the company in due form to such removal, or the waiver of any forfeiture that might be incurred thereby. It is further alleged on behalf of plaintiff that the agent thereafter returned the policy to plaintiff, informing him that all proper formalities had been complied with, and that the policy would still cover the property in the new location. During August and September, 1887, the furniture and other goods were removed, according to the notice that plaintiff said he gave, to his new dwelling at Bay Side, Long Island, where they remained until the 31st of January, 1888, when they were destroyed by fire. The policy in question contains the following clause: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have proper power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." No indorsement upon the policy, or other writing of any kind, was ever made after the notice of removal of the goods, but plaintiff relies entirely for a waiver of any forfeiture that might have been occasioned thereby upon the oral transactions between him and defendant's said agent. There was a verdict for plaintiff, and the general term of the city court affirmed the judgment entered thereon. Defendant again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Butler, Stillman & Hull,* (*J. Notman,* of counsel,) for appellant. *C. A. Clement,* for respondent.

LARREMORE, C. J. It is immaterial what our own views might have been upon the main question, if it had arisen here for the first time, because we think we must decide it on clear and unmistakable authority. We can discover no distinction in principle between the case at bar and *Walsh* v. *Insurance Co.,* 73 N. Y. 5. In that case it was expressly provided in the policy that no officer, agent, or representative of the company should be held to have waived any of the terms and conditions of the policy unless such waiver was indorsed thereon in writing. The court of appeals held that this was a plain

limitation upon the power of agents, and could mean "nothing less than that agents shall not have the power to waive conditions except in one mode, viz., by an indorsement on the policy." The provision on that subject in the policy before us is, if anything, more explicit in its terms than the one under consideration in *Walsh* v. *Insurance Co.*, and all the reasons therein given for holding the plaintiff bound by such condition apply here. The fact has not been overlooked that several later cases in the court of appeals have been distinguished from *Walsh* v. *Insurance Co., supra;* but the reason for such distinction was that in such later cases the power and authority of the agent was not specially defined and limited, as they are in the case at bar. The ground taken is that as the company itself could dispense with a condition by oral consent as well as by writing, the general agent could do the same unless specially restricted. *Steen* v. *Insurance Co.*, 89 N. Y. 316. But obviously the reason for such distinction does not exist in the case before us. The agent's authority is restricted, if anything, more closely than in *Walsh* v. *Insurance Co.*, and we regard this case as controlling. We think the learned trial judge also erred in holding under this particular policy that a waiver could be inferred by the reference of the matter after the fire to the adjuster for investigation and appraisal. It is well settled that if, after knowledge of any alleged forfeiture, the company "recognizes the continued validity of the policy, or does acts based thereon, or requires the insured, by virtue thereof, to do some act or incur some trouble or expense, the forfeiture is, as matter of law, waived." *Titus* v. *Insurance Co.*, 81 N. Y. 410. But this doctrine of implied waiver cannot be invoked where, as in the policy under consideration here, there is an express provision that the company may cause investigation and appraisal to be made without being deemed to have waived any forfeiture. Defendant's motion to dismiss the complaint should have been granted, and the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.