### HILL *v.* LONDON ASSUR. CORP.

#### (*City Court of New York, Trial Term.* November, 1890.)

1. **FIRE POLICY—REMOVAL—WAIVER.**
    Under the provision of a policy of fire insurance that "no officer or agent of the company shall have power to waive any of its provisions * * * except such as may be indorsed thereon or added thereto," there can be no recovery for a loss occurring after a removal of the goods to a building on an adjoining farm, where the agent to whom the policy was delivered by assured, to procure the company's consent to a removal, returned it without any indorsement, but informed assured that all proper formalities had been complied with.
2. **SAME—ACTION ON POLICY—AMENDMENT OF COMPLAINT.**
    In an action on a written policy of insurance, plaintiff cannot amend on the trial by declaring on a new and independent parol contract of insurance by which the property was insured in another building.

Action by Stephen Hill against the London Assurance Corporation on a policy of fire insurance. Trial by court without a jury. For former report, see 9 N. Y. Supp. 500.

*Isaac Wyman,* for plaintiff. *Butler, Stillman & Hubbard,* for defendant.

McADAM, C. J. The plaintiff has made no different case from the one tried before. The only additional fact proved is that the plaintiff saw the authority of Mr. Whitney, (the local agent,) and read it, and had no other knowledge of his powers than those stated in the certificate, and no knowledge of any limitation thereon; that the company retained the unearned premium on the policy; and that such premium was paid in cash. This slight additional proof in no wise changes the rights or liabilities of the parties. It was conceded on the former trial that the premium had been paid, and that the unearned premium had not been returned, as the policy had not been canceled and surrendered. The policy gave express notice of the limitation of the agent's authority in these words: "No officer or agent of the company shall have power to waive any of its provisions, * * * except such as may be

indorsed thereon or added thereto." The plaintiff is of course deemed to know his own contract, and to be familiar with its terms. The action is on the contract, and, if it furnishes no cause of action, the plaintiff has none. It is easy to conceive how an individual may orally or by acts waive any provision of a contract inserted for his own benefit, but it is difficult to understand how an agent can waive a limitation on his powers imposed by his principal, for the latter's protection, particularly where knowledge of the limitation is brought home to the person asserting the waiver, and who seeks to benefit by it. *Walsh* v. *Insurance Co.*, 73 N. Y. 5. Suing on the policy containing the limitation is conclusive evidence that the party prosecuting knew of it, and contracted with reference to it.

The general term of the common pleas held that, on the proofs given at the former trial, the complaint ought to have been dismissed. *Hill* v. *Corporation*, 9 N. Y. Supp. 500. The reasons given by the general term apply with as much force to the case made now as to the case made then, and all this court has to do is to follow the advice of its appellate tribunal. In contracts for fire insurance the most important consideration is the location of the place where the goods to be insured are contained, the size and general character of the structure and its surroundings, whether of iron, stone, brick, or wood, whether detached from, connected with, or in the proximity of danger from fire. These considerations enable the company to decide whether to accept or reject the risk, and, if it be accepted, to determine the rate of premium to be charged. A survey or examination is generally made, and these things noted for entry on the surveyor's books. It is common experience that the result of these inquiries is the basis upon which every insurance company enters or declines to enter into the contract of indemnity. The property covered by the policy in the present case was removed from the house in which it was insured to a dwelling on an adjoining farm. Whether the risk of fire was increased or diminished by the removal does not appear, except by the circumstance that the house to which the removal was made burned down, and the other did not. According to the plaintiff's theory, the insurance company never inquired or cared whether or not the risk was enhanced by the removal. This conclusion is too improbable to be adopted. The policy was in writing, and specified everything with great particularity. The removal and its consequences were matters of as serious import as the written contract first deliberately made and entered into. It was certainly a piece of gross carelessness on the part of the insured not to have the fact of removal indorsed on the policy, and entered on the company's books, rather than trust to the unusual method of loose conversation and slippery memory. Such important changes, as a rule, are both indorsed and entered. Carpenters' risks, transfers of interest, losses payable to mortgagees, constantly receive this attention. It is common knowledge. The plaintiff disregarded these requirements, and cannot complain if the insurance company insists upon the observance of the conditions of insurance which require those insured to observe such regulations. It was certainly a reasonable condition to require that so important a change as the removal of the property to a building upon an adjoining farm be made matter of record, and part of its contract. Any other system would not be commended, but rebuked. The home office would have to depend on the memory of its local agents rather than their books or even their policies.

The plaintiff has asked leave to amend, by declaring upon "a new and independent parol contract of insurance." The proofs fail to show any such contract. The action is on the written policy, and the only claim made is that there was a substitution of buildings by oral consent, without fixing the new rate of premium, or paying, or even promising to pay, anything as a consequence of the change. Such a radical amendment, even if warranted by the proofs, could not be made at the trial. It would be to drop the contract sued upon, by substituting "a new, distinct, and independent contract."

*Ford* v. *Ford*, 53 Barb. 525; and see cases collated in 1 Bliss, Code, 612, note *m*. It follows that the motion to amend must be denied, and the complaint dismissed, with costs.