# Oden v. Bonner.

*Action on Common Counts, and on Promissory Notes.*

1. *Amendment of complaint.*—When the original complaint contains the common count on an account stated, and also claims the same amount as "due by itemized account, verified by affidavit, for merchandise, goods and chattels sold" by plaintiffs to defendant; and the verified account offered in evidence contains charges on account of three promissory notes executed to plaintiffs by a partnership of which defendant was a member, a count on the notes may be added by amendment.

2. *Action against partner, on partnership demand; variance.*—An action may be maintained against one partner individually, on a debt contracted in the partnership name, whether in the form of an account or a note; and if the note offered in evidence is variant from that described in the special count, it may nevertheless be admissible as evidence under the common counts, on proof of its execution by the partnership.

[Oden v. Bonner.]

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by J. H. Bonner, trustee, under a deed of assignment executed by McAlester & Co. (or *McAllister & Co.*), against E. J. Oden and W. L. Brown, "late part-ners in business under the firm name of Oden & Brown;" and was commenced on the 1st March, 1890. The complaint con-tained two counts, each claiming $746.92; the first, by ac-count stated between McAlester & Co. and defendants, on the 31st January, 1890; and the second, "due by an itemized ac-count, verified by affidavit, from defendants to plaintiff as as-signee, for merchandise, goods and chattels sold by McAlester & Co. to defendants, on the 31st January, 1890." Oden only appeared, and pleaded that he owed nothing. The deed of assignment executed to plaintiff by McAlester & Co., as offered in evidence on the trial, was executed on the 26th October, 1889. The itemized account, verified by affidavit, contained an item under date of January 12th, 1889, for three notes of Oden & Srygley, described as follows: one for $222.85, due January 15th, 1888; one for $224.35, due January 15th, 1888; and a third for $225.88, due July 15th, 1888; and $51.71 was added, as interest on these notes. The material question in the case was the defendant's liability on these notes, or either of them, in this action, the other items in the account showing a balance against him of about $20 only. Oden was a partner in the firm of Oden & Srygley, and the plaintiff's testimony showed McAlester & Co., on receiving in-formation from them that they had sold out to Oden & Brown, transferred their account on the books to the latter firm, ac-cording to their usual custom on a change in the members of a partnership; also, that they had afterwards presented the verified account to Oden, and that he did not deny his liability. The defendant, testifying for himself, denied that Oden & Brown had ever assumed the liabilities of Oden & Srygley, which firm had not been dissolved, or had ever authorized the transfer of their account to Oden & Brown; and Brown cor-roborated his testimony in these particulars.

When the verified account was offered in evidence, the de-fendant objected to the items relating to the three notes, and excepted to the refusal of the court to exclude them; and he also objected and excepted to the admission of the notes as evidence. This being all the evidence in the case, the plain-tiff asked leave to amend his complaint, by striking out the words, "and W. L. Brown, late partners in business under the firm name of Oden & Brown;" and this amendment being allowed, "the defendant moved to exclude all evidence of in-

[Oden v. Bonner.]

debtedness by Oden & Brown to McAlester & Co., on account of variance from the complaint; which motion the court sustained, except in so far as it related to the liability of E. J. Oden, but considered it as against him; to which ruling the defendant excepted." The defendant then moved to exclude from the jury the three notes which had been admitted as evidence, "on account of variance from the complaint;" whereupon plaintiff asked leave to amend his complaint, by adding a count on the three notes, but in the count, as set out in the record, each of the notes was described as executed by Oden & Sryley. The defendant objected to the allowance of the amendment, "because it introduced a new cause of action into the complaint," and excepted to the overruling of his motion. The court then overruled the motion "to exclude the notes as evidence on account of variance from the complaint," and the defendant excepted.

A. L. Brown, and W. R. Francis, for appellant, cited *Mahan v. Smitherman*, 71 Ala. 563; *Insurance Co. v. Randall*, 74 Ala. 170; 1 Greenl. Ev., §§ 50–56; *Railroad Co. v. Johnston*, 79 Ala. 436; *Railroad Co. v. Carloss*, 77 Ala. 443; *Railroad Co. v. Wilson*, 78 Ala. 587.

Kyle & Skeggs, *contra*.

CLOPTON, J.—This suit was originally against appellant and W. L. Brown, as late partners. The original complaint contained two common counts; one on an account stated, and the other for goods and merchandise sold and delivered. On the trial, and after the testimony was concluded, plaintiff, by leave of the court, amended the complaint by striking out the name of Brown and the words, "late partners under the firm name of Oden & Brown," and also by adding three counts, each declaring on a separate note made by Oden & Srygley. Defendant objected to the last amendment, on the ground that it introduced new causes of action. In the itemized statement of the account stated, the three notes declared on in the amendment appear as items in the account. The complaint was evidently amended because of the failure to show that Oden & Brown had assumed the liabilities of Oden & Srygley. The record authorizes the presumption, that the original complaint and amendment were intended to present the same cause of action, only varying the form of the liability of defendant. There does not appear the introduction of a new cause of action.

Defendant objected to the introduction of the notes in evi-

[Lytle v. Sandefur.]

dence, on the ground of a variance between the notes offered and those described in the amendment. It is well settled, that a partnership creditor may sue one of the members of the firm, for a debt contracted in the partnership name, whether by account or otherwise, and declare upon the demand as his individual liability—*Clark v. Jones,* 87 Ala. 474. This was the state of the original complaint after being amended. The objection to the admission of the notes in evidence was general, going to their inadmissibility under the entire complaint as amended. Proof of the partnership of Oden & Srygley, and the execution of the notes by that firm, having been made, they were admissible under the common count on an account stated, notwithstanding there may have been a variance between the notes offered and the description in the 'amendment to the complaint. In such case, the court could properly overrule the objection and the motion to exclude the notes.

Affirmed.