# Elmore-Quillan & Co. *v.* Cunningham.

## *Assumpsit.*

(Decided April 11, 1912. · 58 South. 1004.)

1. *Pleading; Amendment; New Cause.*—Where the original complaint contained two counts, one on an account and the other for a breach of contract for a failure to deliver 56 bales of cotton under a contract to deliver 200 bales, to the plaintiff at Montgomery, at a stipulated price, on to-wit, 1909, and the proposed amendment to the second count and two new counts, sought to allege that the contract was for the sale of 150 bales of cotton at a stipulated price, to be delivered at Evergreen, March 25, 1909, and alleging a refusal to deliver 56 bales at different dates, one of the proposed new counts expressly alleging that only one contract for the sale of cotton was made between plaintiff and defendant, and that the amended count referred to the same transaction as the original count, the proposed amendment did not constitute a departure from the cause of action as set up in the original count, and the court was in error in declining to permit the amendment.

2. *Same.*—The test of whether a proposed amendment constitutes a departure from the original cause of action is whether it is a different matter or the same matter laid in different ways to prevent a variance and to meet the varying phases of the testimony.

APPEAL from Conecuh Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Elmore, Quillan & Co., against William Cunningham for breach of contract. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The counts referred to in the complaint are as follows: (3) "Plaintiffs claim of defendant the further sum of $500 due from him as damages for the breach of a contract entered into between plaintiffs and defendant on, to wit, February 24, 1909, in susbstance as follows: Said defendant in and by said agreement sold to plaintiffs 150 bales of cotton at and for the

price of 8⅞ cents per pound, basis middling, f. o.
b. cars Evergreen, Ala., to be delivered by March
25, 1909; and plaintiffs did agree with said defend-
ant to pay to said defendant said price per pound
for such cotton on such delivery; and plaintiffs
aver that thereafter defendant requested plaintiffs
to postpone the time within which to make delivery of,
to wit, 56 bales of said cotton, to wit, April, 1909, to
which plaintiffs agreed. Plaintiffs aver that they were
at all times ready, able and willing to receive and pay
for said cotton, and have complied on their part with
all the provisions of said contract required of them to
be performed, and that the said defendant breached the
contract in this: That thereafter, to wit, on the 14th
day of May, 1909, he refused to deliver said 56 bales
of cotton, and did not thereafter deliver the same, to
the damage of plaintiff in the sum aforesaid, with in-
terest thereon." (4) Same as 3, except it is alleged
that the refusal to deliver the 56 bales of cotton was on
April 26, 1909; count 3 alleging May 14, 1909.

TYSON, WILSON & MARTIN, LUDLOW ELMORE and J. D.
BURNETT, for appellant. The amendment did not work
a departure from the original cause of action, and should
have been allowed.—Sec. 5367, Code 1907; *Crimm's
Adm'rs. v. Crawford,* 29 Ala. 623; *Ingraham v. Foster,*
31 Ala. 123; *Blackwell v. Blackwell,* 33 Ala. 57; *Cain v.
Gimon,* 36 Ala. 168; *Johnson v. Martin,* 54 Ala. 271;
*Moore v. Alvis,* 54 Ala. 356; *Stringer v. Waters,* 63 Ala.
361; *Mohr v. Lemle,* 69 Ala. 180; *Mahan v. Smitherman,*
71 Ala. 563; *Prickett v. Sibert,* 75 Ala. 315; *Fite v. Ken-
namer,* 90 Ala. 470; *L. & N. R. R. Co. v. Woods,* 105
Ala. 561; *Ex parte Sullivan,* 106 Ala. 80; *Springfield
Insurance Co. v. DeJarnett,* 111 Ala. 248; *Teal v. Chan-
cellor,* 117 Ala. 612; *Central of Ga. Ry. Co. v. Foshee,*
125 Ala. 199; *Chambers v. Talladega Real Estate & Loan*

[Elmore, Quillan & Co. v. Cunningham.]

*Ass'n,* 126 Ala. 296; *Hess v. Birmingham R. L. & P. Co.,* 149 Ala. 499; *Montgomery Traction Co. v. Fitzpatrick,* 149 Ala. 511; *Southern Ry. Co. v. Cunningham,* 152 Ala. 147; *Alabama Terminal Co. v. Hall,* 152 Ala. 262; *Alabama Con. Coal & Iron Co. v. Heald,* 154 Ala. 580; *Towes v. Dallas Mfg. Co.,* 164 Ala. 612.

HAMILTON & CRUMPTON, EDWIN C. PAGE, and M. A. RABB, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—The complaint, as originally filed, contained two counts. The first count sought a recovery of $445.20 due by open account, which, the count alleges, became due on May 14, 1909. The second count sought a recovery of the same sum of money, which, the count alleged, was due the plaintiffs by the defendant as damages for the breach of a contract entered into between the plaintiffs and the defendant on, to wit, February 24, 1909, whereby the defendant sold to the plaintiffs 200 bales of cotton at 9.29 cents per pound, to be delivered f. o. b. Montgomery, Ala., on, to wit, 1909; and alleges a failure on the part of the defendant to deliver 56 bales of the cotton as agreed, and that the plaintiff thereby suffered the damages sued for. There was a demurrer to the second count of the complaint and the plaintiff first offered to amend the count of by striking out the words a nd figures, "9-29/100c per pound," where they appear in the count, and by inserting in lieu thereof the words and figures "8⅞ c. per pound;" also by striking out the words and figures "200 bales" where they appear in the count, and by inserting in lieu thereof the words and figures "150 bales;" and also by striking out the words "f. o. b. Montgomery, Ala." where they appear in the count, and adding in lieu thereof the words "f. o. b. Evergreen, Ala."; and also by inserting

in the count the words "March 25, 1909," in lieu of the figures "1909" in said count. An objection was made to the allowance of the proposed amendment, and a motion was also made to strike the count as thus amended from the files. Thereupon the plaintiffs asked leave to further amend the count by adding the following paragraph to the end of said second count as sought to be amended: "And plaintiff avers that the count, as thus amended, refers to the same transaction as that counted on in said original count number two; that there was never but one contract made between the plaintiff and the defendant on February 24, 1909, for the delivery of cotton, which transaction is that mentioned in the original count No. 2; and that the count as sought to be amended relates to the transaction mentioned in the original complaint."

The plaintiffs also filed in the cause, and asked the court to allow, two additional counts, 3 and 4, which counts the reporter will set out in full in his statement of the facts of the case. The trial court was of the opinion that the proposed amendments to the complaint constituted an entirely new cause of action, refused to allow them, and made an order striking them from the files. The action of the trial court in refusing to allow the amendments is before us for review.

While the second count of the complaint, as originally filed, claimed damages for the breach of a contract to deliver 56 bales of cotton at Montgomery at 9.29 cents per pound at some indefinite time during the year 1909, and while this count alleges that this failure to deliver grew out of a sale of 200 bales of cotton, the real, true, substantial injury of which the plaintiffs complained in this count was the damages sustained by them because of the failure of the defendant to deliver 56 bales of cotton. The question as to whether the allegations of the complaint as the plaintiffs sought to amend it

showed affirmatively that it introduced an entirely new cause of action or constituted a departure from the original cause of action is not without difficulty.

The test is whether the proposed amendment is a different matter or the same matter, laid in different ways, to meet the varying phases of the testimony, and thus prevent a variance between the allegations and the proof.—*Ala. Con. Coal & Iron Co. v. Heald*, 154 Ala. 580, 45 South. 686; 6 Mayfield's Dig. p. 713, § 59.

The second count of the complaint, as above stated, claimed damages for the failure of the defendant to deliver 56 bales of cotton at Montgomery, which this count alleges the defendant agreed to deliver at Montgomery. Did the fact that the amended counts alleged that the cotton was to be delivered at Evergreen, instead of at Montgomery, under a contract to deliver at Evergreen, instead of Montgomery, render the amended counts objectionable as setting up an entirely new matter, or are these counts to be treated as simply varying the terms of the complaint to meet the varying phases of the testimony? In the carefully considered case of *Springfield Fire & Marine Ins. Co. v. DeJarnett*, 111 Ala. 248, 19 South. 995, Coleman, J., speaking for the court, said: "The only limitation upon amendments under our statute is that there must not be an entire change of either parties plaintiff or defendant, nor an entire new cause of action, nor will an amendment be allowed which will authorize a recovery upon a cause of action accruing subsequently to the institution of the suit, nor the adding of a cause of action barred by the statute of limitations at the time of the amendment, nor the addition of a count which will cause a misjoinder of causes of action in the same complaint. With these limitations, the right of amendment cannot be denied.—*Mobile Life Ins. Co. v. Randall*, 74 Ala. 170; *Beavers v. Hardie & Co.*, 59 Ala. 570; *Davis v. Mallon*, 57 Ala. 168; *Johnson v.*

*Martin*, 54 Ala. 271; *Steed v. McIntyre*, 68 Ala. 407; *Mohr v. Lemle*, 69 Ala. 180; *Doe v. Richardson*, 76 Ala. 329; *Jemison v. Governor*, 47 Ala. 390; *Rapier v. Gulf City*, 69 Ala. 476. Exactly what it takes to constitute a new or different cause of action, that may not be added to an original complaint, under the statute of amendments, has not been very clearly defined, and different constructions have prevailed in different states. In the case of *Connecticut Fire Ins. Co. v. Kinne*, 77 Mich, 231, 44 N. W. 871, 18 Am. St. Rep. 398, it was held that a complaint upon a written contract of insurance could not be amended by adding a count for a breach of a verbal agreement to deliver a policy of insurance—a case very much in point, if the statute of amendments of that state is similar to ours. To the same effect is the case of *Hill v. London Assur. Corp. (City Ct.)* 12 N. Y. Supp. 86. Others might be cited. We have always held that the statute of amendments was intended to secure a speedy trial upon the merits, without extra cost, and should be liberally construed. Our decisions have made use of the expression that the amendment should be allowed unless the cause of action was entirely new.—Alabama authorities, supra. It has been held that a declaration in trover could be amended by adding a count in case.—3 Brick. Dig. 31, § 63; *Elmore v. Simon*, 67 Ala. 526. In the case of *Schuessler v. Wilson*, 56 Ala. 516, the court allowed an amendment which under some circumstances might have been held a new cause of action from that declared on in the original complaint. In the case of *Rapier v. Gulf City Paper Co.*, 69 Ala. 476, one of the tests applied was whether the relief sought under the amended bill was the same as that prayed for in the original bill. In the case of *Semple v. Glenn*, 91 Ala. 245, 6 South. 46, 9 South. 265, 24 Am. St. Rep. 894, the original action was upon an express contract, and the amended counts were upon the com-

mon counts. This court held that the trial court did not err in excluding the common counts, upon the express grounds that there was 'nothing in the record to authorize the presumption that the amendment was not intended to introduce new causes of action, but that a comparison showed that the new counts represented separate and distinct causes of action.' To the same effect and for the same reason was the case of *Mahan v. Smitherman,* 71 Ala. 563. "Nothing is more common in our practice than the addition of the common counts by way of amendment to an original complaint. We are therefore of opinion, when a cause exists which entitles a party to compensation, and its refusal is a breach of agreement, the party entitled to recover may declare by original complaint in different counts, or by original and amended complaint in different counts, upon the agreement, as being in writing and verbal; and also upon an agreemnt, verbal and written, that defendant agreed to make a contract of indemnity, and for compensation, followed by appropriate breaches, each count showing that the damage or right to compensation to which the plaintiff is entitled arose from one and the same cause, to wit, in the case at bar, the loss of the house by fire, and that such a complaint does not contain entirely new and different causes of action." In order that we might ascertain with exactness what the Supreme Court, in the above case, did in fact determine as to what could be done by way of amendment to a complaint, we made an examination of the original record, and it seems to us that the opinion of the court in the case of *Springfield Fire Ins. Co. v. DeJarnett, supra,* when read in connection with the original record in the case, fully disposes of the questions presented to us by this record.

In the *DeJarnett Case,* the complaint, as originally filed, consisted of two counts. The first count was upon

[Elmore, Quillan & Co. v. Cunningham.]

an insurance policy which the complaint alleged was issued on the 24th day of March, 1893, for the term of three years. The second count was upon an insurance policy, which the complaint alleged was issued on the 20th day of November, 1893, for the term of two years and four months. When the trial was had, the plaintiff was allowed to amend his complaint by adding counts 3, 4, 5, and 6 thereto. In the third count of the complaint as amended it was alleged that the house was insured by the defendant on the 20th day of November, 1893, against loss by fire until November 20, 1894, or for a period of one year. In the fourth count, it was alleged that the property was verbally insured by the defendant on the 20th day of November, 1893, and that the insurance was to expire on the 24th day of March, 1896, or for a term of two years, four months, and four days. In the fifth count it is alleged that on March 24, 1893, the defendant issued an insurance policy, and that on April, 12, 1893, the defendant extended the term of the policy to the 28th day of March, 1896, and that on the 20th day of November, 1893, the plaintiff, being desirous of having a two-room frame house adjoining said building also insured, agreed by and with said company, by its duly authorized agent or agents, to insure said house for $150, and said plaintiff then paid the defendant the premium for said new insurance; that the defendant then requested the plaintiff to leave the said policy issued on March 24, 1893, with its agent, and that the agent would attach a slip of paper thereto and make the insurance of the frame house to be built a part of the policy, in lieu of a new policy, but that the defendant had failed to put the slip upon said policy as agreed or issue a policy showing the insurance of said new building. The sixth count of the

42 CA

complaint as amended was substantially the same as the fifth count. The Supreme Court held that none of the amended counts to the complaint set up a new cause of action or constituted a departure from the cause of action set out in the original complaint. It was evident from the complaint that the damages for which the suit was brought were for a failure on the part of the defendant to carry out a contract which it had made at some time prior to the bringing of the suit, and before the building which was referred to in the complaint was destroyed by fire, and while the complaint as originally filed declared upon written policies, describing the dates upon which they were issued and the dates when they matured, the plaintiff was allowed to amend his complaint to meet the vary-ing phases of the evidence in the case, setting up contracts of insurance made at different times and for different periods, some verbal and some written. In that case the suit was brought to recover a sum of money which the plaintiff claimed was due him by the defendant because it had insured a certain house against loss by fire, and had failed to pay to the plaintiff the amount for which it had so insured the house against loss by fire.

In the case now under consideration, the damages sued for are claimed by plaintiffs of the defendant because of a failure on defendant's part to deliver to them 56 bales of cotton, and, under the principles announced in the above case of *Springfield Fire & Marine Ins. Co. v. De Jarnett,* we do not think that the mere fact that the amended counts set up that the cotton was to be delivered at Evergreen, instead of Montgomery, thereby set out a new cause of action, or constituted a depart-ure from the cause of action set out in the original com-plaint. In fact, one of the counts to the complaint as sought to be amended expressly avers that the cause

of action set out in the amended count was the same cause of action set out in the original complaint.

In addition to the above, the first count of the complaint was upon an open account. In the case of *Oden v. Bonner*, 93 Ala. 393, 9 South. 409, the complaint as originally filed consisted of two counts. The first count was on an account stated, and the other count was for goods and merchandise sold and delivered. During the trial the plaintiff was permitted to amend his complaint by adding three counts, each count declaring on a separate note made by Oden & Srygley, a partnership of which the defendant Oden was a member. In that case, the Supreme Court, through Clopton, J., said: "The record authorizes the presumption that the original complaint and amendment were intended to present the same cause of action, only varying the form of the liability of defendant. There does not appear the introduction of a new cause of action."

Our courts have always been liberal in construing statutes authorizing the amendment of pleadings, and the above decisions, as well as many others which we might cite, were delivered by the Supreme Court before the adoption of section 5367 of the present Code. The adoption of that section is clearly indicative of the legislative purpose that the courts in allowing amendments shall now be even more liberal than they were before the adoption of the present Code. In the case of *Tildesley v. Harper*, 10 Law. Rep. Ch. Div. 393, Bramwell, L. J., said: "In my opinion the defendant ought to have been allowed to amend his statement of defense. I have had much to do in chambers with applications for leave to amend, and I may perhaps be allowed to say that this humble branch of learning is very familiar to me. My practice has always been to give leave to amend unless I have been satisfied that the party applying was acting mala fide, or that, by his blunder, he had done some in-

jury to his opponent which could not be compensated for by costs or otherwise." In the same case Thesiger, L. J.; said: "I am also of the opinion that it is important that the rules of the court as to pleading should be enforced, but this may be done at too great a price. The subject of these rules is to obtain a correct issue between the parties, and, when an error has been made, it is not intended that the party making the mistake should be mulcted in the loss of the trial." In our opinion, the court below erred in refusing to allow the plaintiffs to amend their complaint as prayed for by them and in striking the plaintiff's amendments to the complaint from the files.

The above is the only question presented by this record for our consideration. The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.