# Goss *v.* Weiman & Co.

## *Assumpsit.*

(Decided June 4, 1912. 59 South. 364.)

1. *Parties; Complaint; Amendment; Effect.*—Where a complaint was amended by striking all the parties defendant except one, the amendment related back to the beginning of the suit, and the original summons and complaint were to be read as if there had been but one defendant.

2. *Pleading; Complaint; Amendment.*—Where a complaint had been amended by striking out the corporation defendant and two of the individual defendants, leaving but one defendant, on the ground that the defendants stricken had not been served, an amendment seeking to add causes of action against the single defendant, and the corporation defendant should not have been allowed because the corporation defendant, though not served could have appeared and defended against the added court while it would have had no interest in or right to defend against the original count.

3. *Evidence; Producing Writing; Judgment on Failure to do so.*— Sections 4058-9, Code 1907, do not authorize a judgment by default for failure to produce books and writings, where, on motion to require such production, no evidence was offered that any such document was in existence, or in the custody or control of the party required to produce it, and where the attorney for such party stated under oath that no such paper or book was in existence within his custody or control, and that his client had informed him that he had no such paper or book in his custody or control and did not know of them if they were in existence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by August Weiman, doing business as Aug. Weiman & Co., on the common counts against J. W. Lindsay, T. M. Walker, and R. D. Goss, formerly doing business as the Alabama Couch Manufacturing Company, and the Alabama Couch Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was amended by striking out J. W. Lindsay and T. M. Walker, and the Alabama Couch Manufacturing Company, because said defendant had not been served, and by adding counts 5, 6, and 7, which claim against R. D. Goss and the Alabama Couch Manufacturing Company a sum due for goods, wares, and merchandise, first ordered by the defendant the Alabama Couch Manufacturing Company while J. W. Lindsay and T. M. Walker were doing business under said name, on, to wit, the 5th day of January, 1907, which order was accepted, and was afterwards, on, to wit, March 28, 1907, accepted and the goods delivered to defendants R. D. Goss, formerly doing business as the Alabama Couch

Manufacturing Company, and the Alabama Couch Manufacturing Company. It is alleged in counts 6 and 7 that R. D. Goss accepted the goods, and paid part of the amount due after he had purchased the interest of said Lindsay and Walker, and after he had given them a writing, based on a valuable consideration, assuming all the liabilities then owing by said Lindsay and Walker and the Alabama Couch Manufacturing Company.

C. D. RITTER, for appellant. The motion to strike the added counts should have been sustained.—*Ivey C. & C. Co. v. Long,* 139 Ala. 535; *Nelson v. First Nat. Bank,* 139 Ala. 578; *Barker v. Anderson Co.,* 92 Ala. 314; *Reid v. Somers,* 79 Ala. 522. Motion to strike was the proper remedy.—*Springfield F. & M. Co. v. DeJarnette,* 111 Ala. 248. Section 4058, Code 1907, requires due notice of the demand to produce papers, and where no time is specified the law requires a reasonable time.—29 Cyc. 1118; *Hill v. Faison,* 27 Tex. 428. The court erred, therefore, in granting the motion, and entering judgment by default, especially in view of the evidence on such motion.

THOMPSON & THOMPSON, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—1. When the plaintiff amended his complaint by striking from it all of the parties defendant except appellant, the amendment related back to the commencement of the suit; and the original summons and complaint was to be read, after such amendment was allowed, as if there had never been but one defendant to the suit, viz., the appellant.—*Cobb v. Keith, Smith & Co.,* 110 Ala. 614, 18 South. 325.

After the appellee had amended his complaint by striking out all of the parties defendant except appellant,

[Goss v. Weiman & Co.]

he was permitted, against the objection of appellant, to further amend his complaint by adding counts 5, 6, and 7 thereto, in which he "claimed of the defendant R. D. Goss (appellant) *and* the Alabama Couch Manufacturing Company" certain sums of money. The Alabama Couch Manufacturing Company was *one* of the original defendants (the suit was originally brought against the appellant J. W. Lindsay and T. M. Walker, formerly doing business as the Alabama Couch Manufacturing Company, *and* the Alabama Couch Manufacturing Company), and that company was, when the original complaint was amended by striking from it all of the parties defendant except the appellant, struck from the cause as a party to the suit. What the Alabama Couch Manufacturing Company was when the suit was brought —whether a corporation, a partnership, or some other kind of aggregation of people operating under that name —neither the original complaint, nor the complaint as amended, informs us. The original complaint says that the appellant J. W. Lindsay and T. M. Walker *formerly* did business as the Alabama Couch Manufacturing Company but the complaint, in thus describing the above-named parties, *negatives* the idea that they were conducting a business under that name when the suit was filed. As the "Alabama Couch Manufacturing Company" is named in the original complaint, however, as *one* of the defendants, the idea that *it* was not *then* in existence and being conducted by *some one* is expressly negatived by the language of such complaint.

In counts 5, 6, and 7 of the complaint as amended, the parties defendant are described as "R. D. Goss, *formerly* doing business as the Alabama Couch Manufacturing Company, *and* the Alabama Couch Manufacturing Company." When counts 5, 6, and 7 were added to the complaint as amended, Goss was not then doing busi-

ness as the Alabama Couch Manufacturing Company, giving to the language of said counts a fair and reasonable construction, for the counts described Goss as "formerly" doing business under that name. Nevertheless the Alabama Couch Manufacturing Company must *then* have been in existence in some way, as a partnership, a corporation, or an aggregation of individuals; for that company is named as one of the defendants in counts 5, 6, and 7, and is one of the parties against whom, in said counts, a judgment is sought.

We are therefore confronted with an incongruous and peculiar situation, if we follow the language of the complaint, as the law says we must, with reference to the complaint as amended. The first four counts are against Goss alone, and those four counts are the common counts. The court, against the objection of the appellant, permitted the appellee, by amendment, to add counts 5, 6, and 7 to his complaint, which counts seek a recovery from *two* defendants, Goss and the Alabama Couch Manufacturing Company. If the facts set up in said counts 5 and 6 are true, the appellant and the Couch Manufacturing Company—if, indeed, there is such a company—may be jointly liable for the debt sued for if the facts set up in said count 7 are true, appellant and the manufacturing company are not jointly, but only severally, liable, if, indeed, count 7 shows any liability whatever as to the manufacturing company.

Counts 5, 6, and 7 were therefore, on account of the situation above pointed out, subject to some of the objections interposed by the appellant to the action of the court in allowing them to be added as amendments to the complaint, and to some of the grounds of demurrer interposed to them after they were added to the complaint as amended.

Undoubtedly, if, at the time counts 5, 6, and 7 were added to the complaint, the Alabama Couch Manufacturing Company was an existing entity, then that entity, as it was named as a party defendant in said counts, had the right, although it had not been served, to appear and defend against said three counts and at the same time it would have had no interest in or right to defend against the claims set up in the first four counts, as to which it was not a party defendant. The law cannot suffer such an anomaly.

We are disposed to think, however, from an examination of the entire record, that the Alabama Couch Manufacturing Company may not, in fact, however, have existed at the time of the trial, or, in fact, for some time before the trial; and that, upon another trial, with the name of the manufacturing company eliminated as a party defendant from said counts, the counts can properly be allowed by the court as amendments to the complaint.—*Elmore, Quillian & Co. v. Cunningham,* 4 Ala. App. 650, 58 South. 1004.

We gather from the record that the appellee expected the evidence to show, in substance, that Lindsay and Walker were partners, doing business under the name and style of the Alabama Couch Manufacturing Company, and that they became indebted to appellee; that while they were so indebted to appellee the appellant bought out the business of such partnership, assuming all the liabilities of the concern, and continuing the business under the name of the Alabama Couch Manufacturing Company. If this be true, the written evidence—if there was written evidence—of the agreement on the part of appellant that he would pay the debts of Lindsay and Walker would, in all probability, be found in the possession of Walker and Lindsay, and not in the possession of appellant. At any rate, there was no evi-

dence of any sort tending to show that the appellant had, or had ever had, any such written agreement, or that a written agreement had, in fact, been at any time made. This being the situation, the attorneys for appellee filed a motion with the court for an "order requiring the defendant (appellant) to produce for the *inspection* of the plaintiff (appellee) the agreement between the defendant (appellant) and one *Lindsay,* wherein the defendant (appellant) took possession of the assets of the Alabama Couch Mfg. Co." Accompanying this motion was an affidavit of one of the attorneys of appellee, stating "that the above-described paper is material and pertinent to the issue, and notice and demand has been made on defendant's (appellant's) attorney for the production of said paper, the same refused." Thereupon the court made an order granting the motion and requiring the appellant to produce the paper. Thereupon the attorney of appellant was sworn, and stated, under oath, "that he had no such paper under his custody or control, and if there was such paper in existence he did not know of same, and that he had been informed by the appellant that he had no such paper in his custody or control, and that if such paper was in existence he did not know of it, or of its whereabouts." Thereupon the court, on motion of appellee, entered up a judgment by default against the appellant, acting under sections 4058 and 4059 of the Code. To this action of the court, the appellant duly excepted.

The court, in making the above order, under the facts in this case, committed reversible error. When the court made the first order, requiring the production of the paper, it had no evidence before it that the appellant had, to use the language of section 4058 of the Code, the paper "in his possession, custody, control or power."

[Goss v. Weiman & Co.]

If the appellant bought the business of the Alabama Couch Manufacturing Company from Lindsay and Walker, there was no law requiring the parties to evidence that sale by a writing and the law does not presume that it was so evidenced. Certainly there is nothing in the law authorizing a court to require a party to a cause to produce a writing, when the court has no evidence that such writing has ever been in existence, or that the party has the writing in his possession, custody, control or power, if it ever had any existence; and when it made the preliminary order the court was without evidence justifying the order. When it made the order giving the appellee a judgment by default against the appellant, the only information the court had tended to show that there was either no such paper, or that, if there was, it was not within the power of the appellant. It may be that when the court made the order entering up a judgment by default against the appellant it felt that the appellant had wilfully disobeyed one of its lawful orders; but this record fails to show that the court was in possession of sufficient evidence to have justified it in coming to any such conclusion. Such harsh measures should be resorted to only when the *evidence* justifies them.

3. As this case must be again tried, we call attention to the condition of counts 5 and 6 of the complaint as amended. In these counts the pleader, we think, intends to set up that Lindsay and Walker, while doing business as the Alabama Couch Manufacturing Company, ordered a lot of goods from appellee; that the order was filled by appellee, and that the goods were by the appellee shipped to the Alabama Couch Manufacturing Company, but that before the goods were so shipped Lindsay and Walker had sold the business of the Alabama Couch Manufacturing Company to appel-

lant, and that *appellant*, when the goods were received *was* the Alabama Couch Manufacturing Company, and was conducting business as an *individual* under said name; and that the appellant, while so conducting said business, actually received the goods, *sold* them, or *used* them in the regular course of business, and is therefore liable to the appellee.   The above counts do not, probably, with sufficient particularity, show the above facts; and, while the demurrer does not set out a ground raising the question of the sufficiency of the counts because of the above defects, the defects can be easily remedied by an amendment of the counts upon another trial.

Reversed and remanded.