STRANG v. BRANCH CIRCUIT JUDGE.

108  229
f151  444
j151  446

PLEADING—AMENDMENT OF DECLARATION—NEW CAUSE OF ACTION.
An amended declaration which counts upon the same contract as the original, and sets up the same damage, although it alleges the breach in a different manner, does not state a new cause of action. So *held* where, in an action for the breach of a contract for the sale of a patent right, the plaintiff alleged that defendant had no title to the patent, and, in an amended declaration, alleged that the patent sold did not cover the article represented by the defendant.

*Mandamus* by Charles Strang and B. Frank Warner to compel George L. Yaple, circuit judge for Branch county, to strike an amended declaration from the files. Submitted January 7, 1896. Denied January 28, 1896.

*John B. Shipman (Champion & Champion,* of counsel), for relators.

*E. E. Palmer* and *H. H. Barlow,* for respondent.

LONG, C. J. Suit was brought in the Branch circuit court by Zebina H. Wallace against the relators. The declara-

tion contained four special counts, with the common counts in *assumpsit* added. The special counts were upon a breach of warranty of title to a patent hose-coupling device in certain territory bought by Wallace of relators, and paid for with personal property, in the counts described. They are all upon the breach of the warranty, although two sales, each involving different property, are declared on; and in two counts it is claimed that the warranty was that both defendants owned the patent right to the territory described, and in the other counts it is alleged that B. Frank Warner owned the patent in that territory. The plea was the general issue. The cause went to trial; and during the trial the plaintiff submitted to a nonsuit, with leave to move to set the same aside. This was set aside, and the court permitted the plaintiff to file an amended declaration. Relators moved to strike the amended declaration from the files, for the reasons (1) that the same was not an amendment of the original declaration in said cause, but a declaration upon another, different, and new cause of action; (2) because it sets out and claims upon another and different cause of action, inconsistent and antagonistic to the claim and cause of action contained in the original declaration in the cause. This motion was denied by the trial court, and petition is filed in this court to direct the trial court to set aside such order and strike the declaration from the files.

The original and the amended declarations are returned here. The amended declaration contains two counts. They are alike, except as to the property obtained of the plaintiff. These counts aver that—

"The said defendants then and there undertook and faithfully promised and agreed that they had a patent right upon the hose-coupling device then and there shown to plaintiff, and that they were the sole and unconditional owners thereof for the territory above named; * * * that they had no patent upon the hose-coupling device so shown and exhibited to the plaintiff; that they did not transfer and assign to the plaintiff any patent right to the article so sold and exhibited to him, * * * but, on

the contrary, transferred and assigned to him a patent right upon an entirely different article, then and there promising and agreeing with this plaintiff that the article contained in such patent right * * * was the same as the article shown and exhibited to plaintiff; and that the defendants had no patent upon the article so shown and exhibited to the said plaintiff; and that the plaintiff has suffered great loss and damage," etc.

The court below was of the opinion that there was no different cause of action stated in the amended declaration than that set out in the first, and that the statements contained in the amended declaration were not antagonistic to the original declaration. In this, we think, the court was correct. Under the original declaration, the plaintiff sought to recover the value of the personal property alleged to have been fraudulently obtained from him. The fraud charged was that defendants did not have title to the patent right which they exchanged for the personal property of plaintiff. There was no allegation in that declaration that the plaintiff received a patent right upon a different article, but sole reliance was placed upon the transfer to him of a patent to which defendants had no right or title. Under the amended declaration, the plaintiff now seeks to recover the value of the identical property, which, it is alleged, was obtained from him by the fraud of the defendants. The fraud alleged is that while defendants did transfer to him, in exchange for such property, a patent right, yet it was not for the article shown and bargained for, and that the defendants had no patent right upon the article bargained for. The action under both declarations was for the value of the same property. It is the same controversy as the original, but more fully and differently laid.

The rule is well stated in 1 Enc. Pl. & Prac. p. 564, tit. 7, as follows:

" As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused

the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter,—another subject of controversy,—or the same matter more fully or differently laid, to meet the possible scope and varying phases of the testimony."

The learned author cites in support of this rule: *Daley v. Gates*, 65 Vt. 591; *Stevenson v. Mudgett*, 10 N. H. 338 (34 Am. Dec. 155); *Coxe v. Tilghman*, 1 Whart. 282; *Strong v. State*, 75 Ind. 440; *Smith v. Railway Co.*, 5 C. C. A. 557; and several other cases. From an examination of the cases, we think this is the settled rule. In *Ball v. Claflin*, 5 Pick. 303 (16 Am. Dec. 407), the court followed the general rule, and, in deciding the question, said:

"|The subject-matter of the new count must be the same as of the old. It must not be for an additional claim or demand, but only a variation of the form of demanding the same thing."

Counsel for relators, however, contend that the case falls within the rule laid down in *Connecticut Fire Ins. Co. v. Monroe Circuit Judge*, 77 Mich. 231, and is governed by it. In that case the original declaration was in the usual form upon a fire-insurance policy. The policy contained a guaranty on the part of the insured that "there shall be a clear space of 200 feet between staves and heading and mill." There appeared to be no such clear space. The plaintiff then sought to amend his declaration by amending the counts upon the policy, and by declaring that he did not read the policy, and did not know that it contained that clause, and that it was written in the policy by mistake or fraud, and without the consent or knowledge of the plaintiff, and also by averring that a verbal agreement was entered into by which the property was to be insured as it then was, and that the company knew at the time that some of the staves and headings were within 200 feet of the mill, and that there was no such clear space, and, knowing this fact,

fraudulently inserted in the policy the condition referred
to.   It was said in that case that "the only question to
be considered is whether or not this alleged mistake or
fraud in the writing of the insurance policy can be cor-
rected in a court of law in the manner here sought to be
done.   We are satisfied that it cannot be so corrected."
It was therefore ordered that the amended declaration be
stricken from the files.   It is clear that the present case
is not within the principle stated.   There the plaintiff
brought suit on the written contract.   Failing to recover,
he then sought to amend by striking out a part of the
contract, which he claimed had been fraudulently in-
serted; that is, he sought to sue on the contract, and in
the same action at law to eliminate a part of the writing.

Counsel also cite the case of *Ogden* v. *Moore*, 95 Mich.
290, in support of their contention.   That was a bill filed
to enforce specific performance of a land contract.   The
substantive allegations of the bill were that O. and M.
entered into an agreement in writing respecting the sale
and purchase, a copy of which was attached to the bill;
and that M. at the same time entered into an oral agree-
ment with O.; and that M. "refused to stand to and
abide by the terms and conditions of the oral contract
entered into on his part with O.;" and that O. relied upon
the oral promises made by M., and fully believed that said
oral covenants and agreements were as forceful and bind-
ing as though in writing and signed by both.   By the
amendment it was sought to set up in the bill that O.
relied, not upon the oral promises, but upon the written
agreement, from which, by mistake or oversight, certain
covenants were omitted.   It was said:   "The rule is well
settled that matter which constitutes a new bill, or matter
inconsistent with or repugnant to the substantive allega-
tions of the original bill, cannot be introduced by amend-
ment,"—citing Jenn. Ch. Prac. 97; 1 Daniell, Ch. Pl. &
Prac. (5th Ed.) *402, § 8, note 8; 1 Barb. Ch. Prac. 207;
*Freeman* v. *Bank*, Har. (Mich.) 311; Chancery Rule No.

21.   It will be seen that the above case is not analogous in principle to the present.

The writ must be denied.

The other Justices concurred.