JONES v. PENDLETON.

PLEADING—VARIANCE—REAL-ESTATE AGENTS—COMMISSIONS.
    Under a declaration for money due plaintiff for commissions
      on effecting a sale of real estate, he cannot recover where the
      sale was made by another, although it was agreed that he
      should have his commissions if the sale was made by any one.

Error to Wayne; Frazer, J. Submitted May 15, 1903.
(Docket No. 91.) Decided September 30, 1903.

*Assumpsit* by James A. Jones against Edward W.
Pendleton for commissions on the sale of real estate.
From a judgment for plaintiff, defendant brings error.
Reversed.

*John D. Conely* ( *W. C. Stuart*, of counsel), for appel-
lant.

*Chamberlain & Guise* ( *M. J. Lehman*, of counsel ), for
appellee.

MONTGOMERY, J. The plaintiff sued, in an action of
*assumpsit*, to recover commissions upon a sale of real
estate of defendant. The declaration was for money due
for commissions payable to the plaintiff for services ren-
dered in and about effecting a sale by the plaintiff, at the
request of the defendant, of a certain piece of real estate,
etc. The bill of particulars follows the declaration, and
is for commissions on sale of real estate. The evidence
adduced on the part of plaintiff tended to show that de-
fendant placed the real estate in question in his hands for
sale at a price of $35,000; that plaintiff thereupon entered
into negotiations with various parties, and among others
a Mr. Devlin; that Mr. Devlin was unable to raise the
money to pay $35,000; that plaintiff endeavored to
secure a loan of this amount on the property, but had

failed to do so; that he had applied to various parties, but found no one willing to make a loan to that amount. At this stage the negotiations appear to have been arrested by the plaintiff's illness. Another real-estate agent, Mr. Hannan, approached the plaintiff, and proposed that, if he would divide commissions, he could effect a loan, and enable Devlin to make the purchase. This plaintiff refused to do. His testimony tends to show that, while he was ill at his residence, the defendant called upon him, and told him that other parties were trying to effect a sale to Devlin, but that he need have no concern; that, if a trade was made with Devlin, the plaintiff should have his commissions, and to keep quiet, and not worry about it. This testimony was denied on the trial, but the case went to the jury, and the jury found in favor of the plaintiff. A sale was made to the representative of the Pridgeon estate, who on the same day sold to Devlin.

The circuit judge instructed the jury that if the contract was completed and the cash was procured, not through the intervention of Jones, but through the intervention of some other party, then the plaintiff had failed to make out his case, and could not recover. In stating the plaintiff's claim in another part of the charge, the court said:

"He claims, also, that this sale—this transaction—was to be a transaction upon which he was to receive his commission, and that Mr. Pendleton recognized the fact that he had done a certain amount of labor in the pursuance of this agreement, and that he agreed to pay him for this arrangement, and that he agreed to pay him his commission, at all events, if a certain person was the purchaser. I believe that man's name was Devlin."

It would appear that the jury acted upon the plaintiff's claim, rather than upon the instruction to the jury. So far as we discover, there was no evidence in the case which justified the submission to the jury of the question whether the plaintiff had in fact effected this sale. The declaration and bill of particulars did not leave the case open for a recovery upon any other theory, and therefore

the case should not have been submitted to the jury. According to the plaintiff's testimony, he had entered upon negotiations under a contract, and at a certain stage of his negotiations, he not yet having effected a sale, a new agreement was made, by which defendant undertook to pay his commissions in case any sale should thereafter be effected to Devlin. The testimony does not show a sale by plaintiff thereafter to Devlin, but a sale through the intervention of another agent, and this modified agreement should have been counted on if the plaintiff sought to recover upon that theory.

Judgment will be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. CARPENTER, J., did not sit.