JONES v. PENDLETON.

1. LIMITATION OF ACTIONS — COMMENCEMENT OF ACTION — PLEADING — AMENDMENT.

An amendment introducing a new cause of action barred by the statute of limitations will not be permitted.

2. EXECUTORS AND ADMINISTRATORS—REVIVAL OF SUITS—AMENDMENTS.

Under sections 10113, 10114, 3 Comp. Laws, the court has the same power of amendment in causes revived in the name of an administrator that it has in other cases.

3. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

In an action by a broker to recover commissions on the sale of real estate, a declaration on the common counts in assumpsit, accompanied by a bill of particulars for commissions on a sale made by the plaintiff, is not so changed as to introduce a new cause of action by an amendment counting on an agreement by defendant to pay plaintiff his commission in case another sold the land and a sale by another. HOOKER, J., GRANT, C. J., and OSTRANDER, J., dissenting.

Error to Wayne; Brooke, J. Submitted April 10, 1907. (Docket No. 47.) Remanded for completion of the record June 3, 1907. Decided March 17, 1908.

Assumpsit by Clarence R. Jones, administrator de bonis non of the estate of James A. Jones, deceased, against Edward W. Pendleton for commissions on the sale of real estate. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Lehman & Riggs,* for appellant.

*William C. Stuart,* for appellee.

BLAIR, J. The record in this cause having been amended, pursuant to our opinion reported 148 Mich., page 544, we proceed to review the order of Judge Mandell referred to therein. Under our previous decisions in this case, the cause of action stated in the proposed amended declaration is a different cause of action from that stated in the original declaration, and if at the time of Judge Mandell's order the statute of limitations had run against the cause of action, he did not err in refusing to allow the amendment, and his order must be sustained. *Gorman* v. *Newaygo Circuit Judge,* 27 Mich. 138; *Michigan Cent. R. Co.* v. *Kalamazoo Circuit Judge,* 35 Mich. 227; *Connecticut Fire-Ins. Co.* v. *Monroe Circuit Judge,* 77 Mich. 231; *Nugent* v. *Kent Circuit Judge,* 93 Mich. 462; *Wingert* v. *Wayne Circuit Judge,* 101 Mich. 395; *City of Detroit* v. *Wayne Circuit Judge,* 125 Mich. 634.

It is clear, however, that at the time the order was made by Judge Mandell, the statute had not run against the cause of action, and counsel excepted to the legal sufficiency of that order just as effectively by the application for a writ of mandamus as though he had formally excepted upon the record. *Jones* v. *Pendleton,* supra. The question then arises, Was the ruling of Judge Man-

dell erroneous? The cases heretofore cited, holding that
an amendment introducing a new cause of action which
is barred by the statute of limitations will not be permit-
ted, have no application, because, at the time the ruling in
question was made, the cause of action was not so barred.

The cases of *Loranger* v. *Davidson*, 110 Mich. 605,
and *Frohlich* v. *Graulich*, 113 Mich. 65, holding that on
appeal from justice's court to the circuit court, an amend-
ment introducing a new cause of action cannot be permit-
ted because the issue tried in the justice's court will there-
by be changed, have no application, for this suit was origi-
nally commenced in the circuit court.

It is earnestly insisted that plaintiff has authority only
to prosecute this suit for the cause of action for which it
was commenced (see section 10113, 3 Comp. Laws) and
that, therefore, the cause of action described in the decla-
ration cannot be changed by amendment. This section
is to be read in connection with the following section (sec-
tion 10114) which says, "and it [the suit] shall be thence-
forth conducted in the same manner as if it had been origi-
nally commenced by or against the same executor or ad-
ministrator." We think it would be anomalous and un-
justifiable to hold that there is not the same power of
amendment in such cases as in ordinary cases.

It is also said that one cannot, by amendment, intro-
duce a new cause of action. The strongest authority in
support of this proposition is *Angell* v. *Pruyn*, 126 Mich.
16. There it appears that plaintiff had two distinct
causes of action. He brought suit for one of these. It
was held that he could not amend his declaration so as to
count upon the other. That case is clearly distinguish-
able from this. Here the plaintiff has but one cause of
action. He failed to properly describe it. The question
here is, whether the court has power to permit plaintiff to
amend his declaration so that he may recover on the pre-
cise cause of action for which he brought suit, but which
he failed to properly describe in his declaration. We
think it is clear that he has that power. See *Strang* v.

*Branch Circuit Judge*, 108 Mich. 232; *Chapman* v. *Colby*, 47 Mich. 47; *Cleveland* v. *Rothschild*, 138 Mich. 90; *Smith* v. *Palmer*, 6 Cush. (Mass.) 519.

The judgment is reversed and a new trial granted.

MONTGOMERY, MOORE, CARPENTER, and MCALVAY, JJ., concurred with BLAIR, J.

HOOKER, J. (*dissenting*). The plaintiff's declaration was originally on the common counts in assumpsit, accompanied by a bill of particulars for commissions on a sale of real estate by the plaintiff for the defendant. Upon the first trial of the case the testimony showed that plaintiff did not sell the land, thereby earning a commission, but he was allowed to recover upon testimony that while he was ill the defendant informed him that others were trying to sell the property, but in view of the work the plaintiff had done he should have a commission in case they should sell it. We held that this was an error, for the reason that the declaration, as restricted by the bill of particulars, did not leave the case open for a recovery upon any but the first theory, the second being a new and different contract, thereby deciding the point upon which this case must turn. See *Jones* v. *Pendleton*, 134 Mich. 460. No suggestion is there made that an amendment might be permitted.

The action sued upon was a contract made at a particular time, whereby the plaintiff agreed to pay a certain commission for specified personal services. This contract is abandoned, and counsel now ask to be allowed to substitute another and different agreement made at another and later time. It is not, in my opinion, seeking to recover on the "precise cause of action," but, on the contrary, an effort to recover upon a new and different cause of action. It is an attempt to recover upon a set of facts which we held did not prove the contract alleged, and was therefore a different cause of action. As well might plaintiff have asked to insert a count to recover a commission for selling a horse, when his original declaration counted on

the sale of land. See *Connecticut Fire-Ins. Co.* v. *Monroe Circuit Judge*, 77 Mich. 231; *Kleis* v. *Insurance Co.*, 117 Mich. 469; *Angell* v. *Pruyn*, 126 Mich. 19. As said in the last case cited, the evidence which would support the original claim would not support the later one, and we have already held that the evidence supporting the later did not support the earlier, and the cause was reversed for that reason. See, also, 3 L. R. A. (N. S.) 290, note *d*. The case of *Strang* v. *Branch Circuit Judge*, 108 Mich. 232, was written by Mr. Justice LONG, who also wrote *Angell* v. *Pruyn*, supra. It is distinctly based on the proposition that the amendment contemplated a special instead of the common count upon *one and the same cause of action*. The same may be said of *Cleveland* v. *Rothschild*, 138 Mich. 90. There was, in that case, but one transaction, one contract. It was not alleged accurately the first time, and an amendment was rightly permitted. That is not so in this case. Here there were two transactions and two contracts. Plaintiff sued on the first and failed, and now seeks to introduce the other by amendment, and this should not be permitted, under the well-settled rule.

The judgment should be affirmed.

GRANT, C. J., and OSTRANDER, J., concurred with HOOKER, J.