LYLE v. CITY OF DETROIT.

NEGLIGENCE—MUNICIPAL CORPORATIONS—VARIANCE.

A notice under section 279 of the Detroit city charter, show-
    ing that plaintiff sustained personal injuries by a fall on a
    defective walk, and stating that her right knee was hurt,
    and her nervous system was injured by the shaking up
    occasioned at the time of her fall, would not warrant an
    amendment to the declaration claiming an injury in the left
    knee, where it counted on an injury to the right knee; but
    would authorize an amendment adding a claim for the re-
    sultant injury to her nervous system.

Error to Wayne; Rohnert, J.   Submitted May 3, 1909.
(Docket No. 60.)   Decided July 6, 1909.

Case by Minnie Lyle against the city of Detroit for per-
sonal injuries.   A judgment for defendant on a verdict
directed by the court is reviewed by plaintiff on writ of
error.   Reversed.

*Edward Donnelly* and *William Van Dyke*, for appellant.

*Edmund Atkinson* (*P. J. M. Hally*, of counsel), for appellee.

HOOKER, J.   The plaintiff's declaration alleges that she was injured on April 22, 1905, through a fall upon defendant's sidewalk, at a designated point upon Jay street, and that it was caused by defects described.   The nature of her injuries were described in the declaration as follows:

"The plaintiff then and there became and was greatly hurt, cut, and bruised and wounded in and about her left knee, and became and was sick, sore, lame, and disordered, and so remained and continued for a long space of time, to wit, three months, the next following, during all of which time the plaintiff was deprived of social enjoyment with her friends, and suffered great bodily pain and mental anguish, and was obliged to undergo medical and surgical treatment.   And plaintiff avers that she has continued up to the present time to suffer bodily pain, though in a less degree than during the three months next following the date of the accident aforesaid.  And plaintiff avers that she has continually since said occurrence of said accident been hindered and prevented from performing and transacting her lawful and customary business and occupation, to wit, the business and occupation of a dressmaker and seamstress, whereby she lost great gains and profits which would otherwise have accrued to and been earned by her.   And by reason of the premises also the plaintiff was put to the expense, cost, and charges in the whole, amounting to a large sum, to wit, $200, in procuring medicines and medical attendance, nursing and care in and about endeavoring to be cured of the said wounds, sickness, lameness, and disorder so occasioned as aforesaid.   And plaintiff avers that by reason of the said negligent acts of the defendant, she, the plaintiff, has been permanently injured, and will suffer in the future great bodily pain and great inconvenience and annoyance in the following particulars:   Her left knee has been permanently weakened, and the strength thereof impaired to such a degree that she has been deprived of the

full and free use thereof in walking and standing, and said knee has become permanently stiff and sore, and by reason thereof plaintiff has become permanently incapacitated from operating the machine customarily used in the business of a dressmaker and seamstress."

The statute (Detroit Charter [1904], § 279) provides:

"No action shall be brought against said city, nor any of its boards, commissioners or officers for any negligent injury unless it be commenced within one year from the time when the injury was received nor unless notice shall be given in writing within three months from the time of such injury to the head of the law department or to his chief assistant of the time, place and cause of such injury, and of the nature thereof."

The cause came on for trial on October 9, 1907, when plaintiff's counsel asked leave to amend his declaration by adding the following:

"By reason of the premises the plaintiff received a severe shock to the nervous system, and has since the date of the injury, and because of it, suffered great and severe headache, and will continue to suffer so for the rest of her life."

The motion was denied. The cause proceeded, and counsel having proved her fall and its cause, and that her left knee was hurt, objection was made on the part of the defendant that the notice served under the statute stated the injury to have been to the right knee. The court excluded all testimony of injury to the left knee. The notice to the city attorney is as follows:

"TIMOTHY TARSNEY, Esq.,
    "Corporation Counsel of the City of Detroit,
        "Detroit, Mich.
 "*Sir:* Please take notice that on Saturday, the 22d day of April, A. D. 1905, Miss Minnie Lyle, of 315 New Orleans street, city of Detroit, was injured on the north side of Jay street between Gratiot avenue and Orleans street and about 20 or 30 feet from the corner of Gratiot avenue and Jay street, at about the hour of 10:50 o'clock sun time, in the morning; said injuries being caused by reason of the defective sidewalk; the boards of said side-

walk being in a broken and rotten condition, which caused Miss Minnie Lyle to fall heavily to said sidewalk, and she then and there sustained the following injuries, to wit: Her right knee was severely bruised and the blood vessels and ligaments of said knee were ruptured, and she received a severe shaking up, which resulted in injury to her nervous system.

"You will further take notice that said Miss Minnie Lyle intends to seek legal redress against the city of Detroit for the injuries she sustained at the time and in the manner aforesaid.

"WM. VAN DYKE.<br>"EDWARD DONNELLY."

Her petition to the council was substantially the same. Counsel renewed his application to amend the declaration, and also asked to be allowed to prove:

"That she has suffered in this accident an injury to her left knee, and as a consequence of that injury that she was severely shaken up, and that it was a severe shock to her nervous system, and that since the accident she has suffered pain and injury because of this nervous condition brought on by the shock. In addition to that she has suffered pain which came directly from the fall, notice of which fall was given to the city, and the location with regards to it as set up in the declaration. The court seems to be of the opinion that it is not proper.

"*The Court:* You proposed to show an injury to the left knee, and not to the right knee. You propose to show a nervous shock.

"*Mr. Donnelly:* As a result of this fall, according to the declaration and the great pain she has suffered since that time, and at that time, and in the future as well."

This was denied, and the learned circuit judge directed a verdict for the defendant. The charge was interrupted by an offer on the part of plaintiff's counsel to show that the right knee was injured as well as the left, whereupon the court stated that no such proof had been offered. Counsel had previously answered, "That is all," in response to the court's question, "Is that all?" referring to the testimony. The plaintiff has appealed.

In an opinion denying a motion for new trial the follow-

ing reasons for the denial were stated, viz. :   The proposed amendment would have added a new cause of action a year after it accrued, and the statute of limitations had run against it.   Notice of an injury to a right knee precluded proof of injury to the left.   Inasmuch as the plaintiff's notice of physical injury was limited to the right knee, and her declaration mentioned only an injury to the left knee, it was held that she could make no proof of any injury, and as a consequence there could be no recovery. We have, then, a case where the notice showed that she had a fall, etc.; that her right knee was bruised, and its ligaments were ruptured, and *she received a severe shaking up*, which resulted in an *injury to her nervous system*.   The declaration counted upon the other knee, and it did not count upon a shaking up which resulted *in an injury to her nervous system*.

Under the rule followed in *Ridgeway* v. *City of Escanaba*, 154 Mich. 68 (117 N. W. 550), proof of a physical wound or hurt could not be admitted for want of a proper notice, and the allegation of the declaration that she became sick, sore, lame, and disordered was inadmissible for the same reason.   The only theory upon which a recovery could have been had under the notice was that she fell, *and suffered a severe shaking up, which resulted in injury to her nervous* system; and, as already stated, this was not alleged in the declaration.   Had the declaration alleged the fall and shaking up, and that in consequence she suffered an injury to her nervous system, it would have supported proof of such an injury, and we are of the opinion that such an amendment would not have been the introduction of a new cause of action. *Jones* v. *Pendleton*, 151 Mich. 442 (115 N. W. 468). Counsel asked to make an amendment, as already stated. While a technical construction of what occurred might justify us in saying that the amendment offered did not exactly accord with the notice, we are of the opinion that, had the allegation appeared in the declaration in the first instance, we should say that it would have supported the

proof offered of a shaking up by the fall and resultant injury to her nervous system.

Apparently the application was refused upon another and untenable ground; and, assuming, as we think that we should, that the learned circuit judge would have allowed the amendment but for his opinion that it would have introduced a new cause of action, we feel constrained to reverse the judgment and grant a new trial.

MONTGOMERY, OSTRANDER, McALVAY, and BROOKE, JJ., concurred.