JONES *v.* PENDLETON.

AMENDMENT—TESTIMONY AT FORMER TRIAL —IDENTITY OF ISSUES
   —EVIDENCE—CAUSE OF ACTION.
    In an action for broker's commissions, in which the court ex-
    cluded testimony of the deceased plaintiff given on a former
    trial, prior to the amendment of his declaration so as to
    count on a promise to pay the commissions if the land should
    be sold by other parties, the issues are sufficiently alike to
    warrant the reception of the rejected proof. *Jones* v. *Pen-
    dleton,* 151 Mich. 442 (115 N. W. 468). HOOKER, J., dis-
    senting.

Error to Wayne; Murfin, J.   Submitted December 14,
1909.   (Docket No. 172.)   Decided March 19, 1910.

Assumpsit by Clarence R. Jones, administrator *de
bonis non* of the estate of James A. Jones, deceased,
against Edward W. Pendleton for commissions on the
sale of real estate.   A judgment for defendant on a ver-
dict directed by the court is reviewed by plaintiff on writ
of error.   Reversed.

*Lehman, Riggs & Lehman,* for appellant.

*William C. Stuart* (*Leo M. Butzel,* of counsel), for
appellee.

McALVAY, J.   No general statement of facts or of the
history of this case is necessary.   Both may be found in
the former opinions handed down when it has been before
us for consideration.   To these decisions reference is had:
*Jones* v. *Pendleton,* 134 Mich. 460 (96 N. W. 574);
*Jones* v. *Wayne Circuit Judge,* 141 Mich. 408 (104 N.
W. 692); *Jones* v. *Pendleton,* 148 Mich. 544 (112 N. W.
1140); *Jones* v. *Pendleton,* 151 Mich. 442 (115 N. W.
468).   Plaintiff, Jones, died soon after the first trial of the
cause in which an issue was joined upon the original dec-

laration. The cause was revived and subsequent proceedings have been conducted in his name. Upon this first trial plaintiff was produced as a witness and his testimony was taken. The suit was brought upon a claim for certain commissions claimed to be due from defendant upon a sale of real estate. A judgment for plaintiff was reversed because of a modification appearing to have been made in the original contract, and which was not counted upon in the declaration. It was held by this court that an amendment of the declaration was permissible, and the court said:

"Here the plaintiff has but one cause of action. He failed to properly describe it. The question here is whether the court has power to permit plaintiff to amend his declaration so that he may recover on the precise cause of action for which he brought suit, but which he failed to properly describe in his declaration. We think it is clear that he [it] has that power—[citing authorities]." *Jones* v. *Pendleton*, 151 Mich. 444 (115 N. W. 469).

A new trial was granted. Upon such new trial, plaintiff, in order to sustain his contention, offered in evidence the testimony of his decedent given as a witness upon the first trial of the case; that being the only testimony he could produce. Defendant objected upon the ground that the issue before the court was a different issue from that before the court under the original declaration, that the amended declaration set forth a different cause of action, and the testimony was therefore incompetent and not admissible. The court so held, and, upon motion by defendant, directed a verdict in his favor. Exceptions were taken and errors assigned upon such ruling and the direction of a verdict. The case upon a writ of error presents this question alone.

The holding of the court in this case, as last above cited, turned upon the question that this was "the precise cause of action for which suit was brought;" but that it had not been properly pleaded, and upon that ground alone an amendment was allowed. In that case counsel

for defendant contended for that doctrine, insisting that the amendment asked was not the precise cause of action for which suit was brought, and, although the court held that it was, it is insisted again upon this argument that it was not. This argument is based upon certain language of the court used in that opinion. That language was used with reference to what was stated in the pleading, not as to the determination of the court upon the crucial question in the case. Defendant relies upon the authority of *Schindler* v. *Railway Co.*, 87 Mich. 414 (49 N. W. 670). There had been three trials in that case. The witness whose testimony was sought to be introduced on the third trial of the case by defendant had testified upon two trials; on the first, and also on the second trial after an amendment had been allowed to the declaration, charging that the negligence of the defendant's servants was gross and wanton. Defendant offered the testimony taken upon the first trial. Plaintiff objected, claiming that the testimony taken on the second trial was admissible, but that taken on the first trial was not. The trial court so held, and the testimony taken on the second trial was read in evidence. This court held that this was not error, and stated that the issue made by the amended declaration was quite different, and further speaks of full cross-examination. But that was not the controlling reason for the holding. The court said:

" We have looked into the record here containing the testimony of Luke Sweet on the first trial, and are satisfied that the defendant was not prejudiced by the court ruling it out. The testimony given by him on the second trial was as favorable to the defendant as that given on the first trial. In fact, it is substantially the same."

The case is distinguishable from the case under consideration. The refusal to admit this testimony was highly prejudicial. Under the holding of the court that this was the precise cause of action for which suit was brought, it follows that the testimony should have been admitted.

The court was therefore in error in excluding it. The judgment is reversed and a new trial ordered.

BLAIR and STONE, JJ., concurred with MCALVAY, J.

OSTRANDER, J. I concur upon the ground that the controversy last tried and the one formerly tried is the same.

MONTGOMERY, C. J., concurred with OSTRANDER, J.

HOOKER, J. (*dissenting*). I am unable to concur in the reversal of this cause, for the reason that the testimony sought to be introduced was given upon another and different issue than the one on trial. The plaintiff's action was assumpsit, and his claim declared on was that the defendant had promised him certain commissions upon his making sale of certain lands belonging to defendant. The proof upon the first trial showed that he did not make such sale, and therefore did not perform said contract. He recovered, however, and this court reversed the judgment, notwithstanding the fact that plaintiff offered to prove another and "new agreement" to pay commissions to plaintiff if a sale should be effected by other parties. It is to be noticed that this decision treats the two contracts as different and distinct contracts, as they clearly were. It was the issue raised upon the earlier one which was tried on the first trial of the case, and not the issue raised by the later contract. Thereupon plaintiff was denied the privilege of amending his declaration by the addition of a count upon the second contract. This decision was reversed.

In reversing this order, and allowing said amendment, this court did not hold that the two counts charged the same cause of action, but expressly held that they did not. Mr. Justice BLAIR said in *Jones* v. *Pendleton*, 151 Mich. 442 (115 N. W. 468), that:

"Under our previous decisions in this case, the cause of action stated in the proposed amended declaration is a different cause of action from that stated in the original

declaration; and if at the time of Judge Mandell's order the statute of limitations had run against the cause of action, he did not err in refusing to allow the amendment, and his order must be sustained."

Had the amended declaration not sought to count upon a different cause of action, the question of the statute of limitations would have been unimportant, it being only upon the theory that it is the introduction—i. e., the commencement of a new cause of action—that the statute could be relied on as a defense. Again, Mr. Justice BLAIR says:

" It is also said that one cannot, by amendment, introduce a new cause of action. * * * Here the plaintiff has but one cause of action. He failed to properly describe it. The question here is whether the court has power to permit plaintiff to amend his declaration so that he may recover on the precise cause of action for which he brought suit, but which he failed to properly describe in his declaration. We think it is clear that he has that power."

What power? Manifestly the power to allow the introduction of a count upon a new cause of action by amendment, provided the statute of limitations has not run against it, and provided that the amendment should set up the precise cause of action for which he brought suit. It is clear that the first declaration was not made the test of the "cause of action for which the suit was brought," because we held in *Jones* v. *Pendleton*, 134 Mich. 460 (96 N. W. 574), that it did not count upon such cause of action as is now relied on, and, in view of the fact that the action was begun by declaration, we must infer that the intention of the party in bringing his action was to be considered, and that the court was able to find from the record that the plaintiff intended to sue upon the second contract, instead of the first, and merely failed to properly describe it. It cannot be said, upon the various records of this cause, that the precise cause of action tried on the last trial was the identical and precise cause of action tried on the first trial, and all that it can be claimed that

we decided in 151 Mich., is that it was the precise cause
of action *for which plaintiff brought suit,* which is a
very different matter, and which the majority of the court
in that case thought and necessarily held was a different
matter.

The issue first tried was clearly defined by a good dec-
laration, and, although this court has since been able to
say that it was a misdescription of "the cause of action
for which he (the plaintiff) brought suit," that was the
issue which was then tried. Afterwards the misdescription
was corrected by a count charging another different con-
tract and its breach, and the new and different issue has
been tried. The first was whether plaintiff was entitled
to commissions for the performance of his contract to sell
land, the second, whether at a later date the defendant had
made a contract to pay certain commissions to plaintiff in
case some one else should thereafter sell the land. We do
not overlook the contention of counsel that this testimony
was admissible because the issues were substantially the
same, and because defendant cross-examined the witness.
We have said that the issues were not substantially the
same, and counsel do not agree that the defendant's coun-
sel cross-examined upon the issue raised by the amend-
ment. The contrary is asserted, and there is nothing in
this record to show that he did so, if such a collateral
issue could be permitted.

I am of the opinion that the learned circuit judge was
not in error in excluding this testimony, and it follows
that the verdict was properly directed.

The judgment should be affirmed.