### CONNECTICUT GENERAL LIFE INS. CO. v. MULLEN.

(Circuit Court of Appeals, Third Circuit. July 1, 1912.)

#### No. 31 (1,596).

INSURANCE (§ 137*)—LIFE INSURANCE—CONSUMMATION OF CONTRACT.

A life policy provided that it should not take effect until the first premium should be actually paid while insured was in the same condition of health as described in the application, but it was agreed that insured should have 60 days from the date of the application in which to pay the first premium. When the application was accepted and the policy issued, insured was in the same state of health as when the application was made, but, when the policy was received by insurer's agents from the home office, insured was ill with spinal meningitis with which he had been attacked that day, and of which he died a few days later. *Held* that, on tender of the first premium within the 60-day period, the beneficiary became entitled to recover on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 231–245; Dec. Dig. § 137.*]

In Error to the District Court of the United States for the Western District of Pennsylvania.

Action by Henry P. Mullen against the Connecticut General Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William S. Dalzell, of Pittsburgh, Pa. (Dalzell, Fisher & Hawkins, of Pittsburgh, Pa., on the brief), for plaintiff in error.

Ernest C. Irwin, of Pittsburgh, Pa. (T. Chalmers Duff, on the brief), for defendant in error.

Before GRAY, Circuit Judge, and McPHERSON and RELL-STAB, District Judges.

GRAY, Circuit Judge. The plaintiff below brought his action to recover the amount of a policy of life insurance alleged to have been issued upon the life of his brother, now deceased, in which he, the plaintiff, was beneficiary. Compliance was alleged upon the part of the insured with all requirements necessary to make said policy a valid, subsisting contract, and refusal upon the part of the Insurance Company to pay plaintiff the amount named in the policy.

To the statement of claim, the defendant set up the defense that there never had been any contract of insurance consummated; that prior to the time the policy went into effect, the applicant for insurance was in such a condition of health as to render it impossible for the Insurance Company to accept him as a risk. The facts of the case are undisputed and are, briefly, these:

On Monday, the 7th day of December, 1909, William C. Mullen signed his application for a policy of life insurance of a given kind, to be issued by the defendant below, in favor of his brother, the plaintiff below. This application was made through the authorized general agents of the defendant company in the city of Pittsburgh, and was promptly forwarded by them to the general office of the defendant company at Hartford, Conn., where it arrived on Wednesday, the 9th day of December, 1909. At the time of filing the application, it was understood between the applicant and the agents, that applicant should have 60 days from December 7, 1909, if he became insured, within which to pay the first premium upon such policy of insurance as should be issued, and notice of this understanding was given by said agents to the defendant company in forwarding the application to the home office in Hartford, and the defendant, in its affidavit of defense, admits that by its duly authorized agents it did make such an agreement with the said William C. Mullen. The application thus received on the 9th day of December, 1909, with the doctor's certificate, was acted upon promptly and on that day a policy upon the life of William C. Mullen, the applicant, was duly authorized. On Thursday, the 10th day of December, 1909, a policy of life insurance was mailed from the home office at Hartford to the general agents of the company in Pittsburgh.

The application described the health of the applicant as being good, and contained the usual covenant as to the truth of the statements and answers made therein. The policy contains this provision:

"Payment of Premiums: This policy shall not take effect unless nor until the first premium is actually paid, while the insured is in the same condition of health as described in the application."

When the application was accepted and the policy authorized and mailed on the 10th of December to the Pittsburgh agents, it is conceded that W. C. Mullen was in the same state of health as when the application was made. When it was received, however, by the agents on the 12th of December, the insured was ill with spinal meningitis,

with which he had been attacked on the afternoon of that day, as found by the court below, and of which he died on the 15th of that month. The policy was on that account not delivered by the agents, to whom it had been sent by the defendant company for that purpose. Within the period of 60 days, the plaintiff tendered to the defendant company the amount of the first premium.

The defendant does not contend that a formal delivery of the policy was essential, and admits that where all conditions necessary to the policy's taking effect exist, then the policy is a valid, subsisting contract of insurance, even though there may have been no delivery. Defendant refers, however, to the provision on the face of the policy above quoted, viz., that it "shall not take effect unless nor until the first premium is actually paid, while the insured is in the same condition of health as described in the application." It is urged that, under this provision, even though the defendant agreed with the said William C. Mullen that he should have 60 days, if he became insured, within which to pay the first premium, it was contemplated that, before the policy should take effect, the applicant, while in the sam state of health as described in his application, should give a note to the company, or in some other way secure the deferred paymen. In other words, it is contended that the conditions precedent to the policy's taking effect were either the payment or the securing of the payment of the first premium, while the insured should be in the same condition of health as at the date of his application.

The agreement, as stated by the defendant, that applicant should have 60 days within which to pay the first premium, makes no reference to anything to be done by the insured. By the agreement, a credit of 60 days is given in præsenti to the insured for the payment of the first premium, and the condition annexed to its payment is waived. The approval of the risk and the executing of the policy and the mailing of it by the company to its agents constituted a contract between the parties which was binding from the date of said approval and mailing, unless applicant, at the time of such acceptance, was in a poorer state of health than when he made his application. Being in the same state of health as when he applied for the insurance, he was insured, regardless of the fact that the policy was not actually delivered to him, or that he did not execute a formal undertaking to pay the premium. Instead of requiring instant payment of the first premium, the defendant relied upon the promise of the applicant to make payment thereof within the time during which credit was given, and at its expiration could have enforced payment of the same. A credit of 60 days for the payment of the first premium was substituted for the requirement of its actual cash payment, as a condition precedent to the taking effect of the policy. The obligation of the insured, upon his agreement with the defendant for a deferred first payment, was no less than it would have been upon a note or other formal undertaking in that regard.

A suggestion, rather than an argument, is made, that in any event, the policy would not take effect until the deferred payment was actually made. It would indeed be a violent construction of the con-

tract between the parties to hold that the giving of the credit for 60 days for the payment of the first premium, merely postponed to the end of that period the time when the policy should go into effect. In other words, that the payment of the first premium, while the applicant was still in his original health, was merely postponed for 60 days, but was still a condition precedent to any obligation on the part of the defendant company. What motive could the applicant have in making such a contract? The credit given would be useless to him, and yet the defendant company would hold the applicant bound to pay the first premium at the end of 60 days, on a tender of the policy.

At the conclusion of the evidence, both plaintiff and defendant asked the court for binding instructions. The effect of this double request was understood and both parties agreed that the case was thereby withdrawn from the jury and submitted to the court alone. The findings of fact were accordingly made, as summarized above, and the learned judge of the court below found, as a conclusion of law, that the plaintiff was entitled to recover, and judgment was entered for the plaintiff in the sum of $3,204.99, the amount due under the policy.

No error is found in the action of the court below, and its judgment is therefore affirmed.