DONNELLY v. ÆTNA LIFE INSURANCE CO.

1. PLEADING—AMENDMENTS—AMENDMENT STATUTE LIBERALLY CON-
STRUED.

The rule that amendments must be strictly restricted to
the matters of the original pleadings is no longer followed
by the courts, and in construing the statute of amendments
(3 Comp. Laws 1915, § 12478), it is given a very broad
and liberal construction, "in the furtherance of justice."

2. INSURANCE — ACCIDENT INSURANCE — AMENDMENT TO DECLARA-
TION—NEW CAUSE OF ACTION.

In an action on an accident insurance policy, where the
declaration alleged that the policy at the time of the
accident was in full force and effect by reason of renewal
from year to year, an amendment alleging that the policy
was in full force and effect by reason of a renewal there-
of orally made by an agent of defendant, although the
renewal certificate had not been delivered, held, not to
introduce a new cause of action.

3. SAME—DELIVERY OF RENEWAL CERTIFICATE NOT NECESSARY UN-
LESS SO STIPULATED.

Where an accident insurance policy was renewable from
year to year, and there was no stipulation therein that
it should not become binding unless the renewal certificate
was delivered to insured in good health, the contract was
complete when the risk was approved, and delivery was
not necessary to its validity and, therefore, the insurer
was liable thereon for an accident to the insured after
the risk was approved and before delivery of the certificate.

4. SAME—GOOD HEALTH OF INSURED.

Since formal delivery of the certificate was not necessary
to a completed contract, it is immaterial that insurer
directed its agent not to deliver unless insured was in
good health.

Error to Ottawa; Cross (Orien S.), J.    Submitted
January 9, 1923.    (Docket No. 59.)    Decided March
22, 1923.

On effect of stipulation in application or policy of life insur-
ance that it shall not become binding unless delivered to
assured while in good health, see notes in 17 L. R. A. (N. S.)
1144; 43 L. R. A. (N. S.) 725; L. R. A. 1916F, 171.

Assumpsit by Bernard P. Donnelly against the ÆEtna Life Insurance Company on a policy of insurance.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Travis, Merrick, Warner & Johnson,* for appellant.
*Diekema, Kollen & Ten Cate,* for appellee.

MCDONALD, J.   On May 30, 1920, through the explosion of an acetylene tank, Mr. Donnelly, the plaintiff, sustained an injury which resulted in the loss of one of his eyes.   He brings this suit to recover his loss.   On the 29th of March, 1912, he took out an accident insurance policy in the ÆEtna Life Insurance Company of Hartford, Connecticut.   The policy was for one year and was renewed yearly, from time to time, until 1920, when Mr. Donnelly was informed by Raymond Visscher of Holland, one of defendant's agents, that before issuing a renewal the company desired to have him take an examination.   This Donnelly refused to do.   Visscher took the matter up with the general agent in Grand Rapids, and after more or less correspondence Mr. Visscher had a talk with the general agent, who instructed him to tell Donnelly that a "bull" had been made by someone in their office and that everything was all right, that Donnelly need not worry.   Donnelly claims that, relying on this statement, he paid no further attention to the matter, supposing that he was protected.

It is further claimed that an agent of the defendant company shortly thereafter went to Holland and consulted with some physician, who had recently examined Donnelly for a life insurance policy, and that subsequently, on the 29th day of March, the company issued a renewal certificate and mailed it to its agents in Grand Rapids, renewing the policy for another year from the 29th day of March, 1920, to the 29th day of March, 1921, but directing the agent not to deliver

it unless the insured was in good health.    Donnelly was injured before the renewal certificate was delivered to him, but he claims that under the circumstances there was a completed contract for insurance, that there was a constructive delivery of the policy, and that it was in force and effect at the time of the injury.    That if it were not, he had a valid verbal agreement with an authorized agent of the defendant for insurance, and that the company was liable thereon.    In his declaration filed as commencement of the suit, the plaintiff counted upon a written contract of insurance.    A few days before the trial, without leave of the court, he filed an amended declaration containing an additional count in which he claimed damages for the failure of the defendant to deliver the policy in conformity to an oral agreement with the agent for its renewal.

The defendant claims that the plaintiff's policy expired on March 29, 1920, and was not renewed; that there was no delivery of the renewal certificate, no valid oral agreement for renewal; and that therefore the plaintiff was not insured at the time of the accident.    The defendant offered no proofs.    At the conclusion of the testimony both parties moved for a directed verdict.    Both motions were denied.    The plaintiff received a verdict for $3,970.

The first question discussed by defendant in its brief is that the amended declaration adds a new and distinct cause of action, and that the circuit judge should have granted his motion to strike it from the files or at least should have required the plaintiff to elect between the two causes of action.    Counsel claim that the case of *Connecticut Fire Ins. Co.* v. *Monroe Circuit Judge*, 77 Mich. 231 (18 Am. St. Rep. 398), is controlling of this question.    We do not think so.    In that case, as in this, the original declaration counted on a certain written contract for insurance.    This court reversed a judgment for the

plaintiff, holding that he could not recover on the contract. He then sought to amend the declaration by adding several counts, one of which set out an oral contract for insurance different from the contract counted on in the original declaration. When the question came to this court for review, it was held that the amended declaration introduced a new and distinct cause of action. The reason for so holding is not given in the opinion of the court, but I think we may assume it was because the amended declaration counted on a different contract from that declared on in the original declaration. In reviewing this case in *Strang* v. *Branch Circuit Judge,* 108 Mich. 232, Chief Justice LONG, speaking for the court, said:

"There the plaintiff brought suit on the written contract. Failing to recover, he then sought to amend by striking out a part of the contract, which he claimed had been fraudulently inserted; that is, he sought to sue on the contract, and in the same action at law to eliminate a part of the writing."

In the instant case the action under both counts of the declaration is on the same policy of insurance. It is well stated in plaintiff's brief as follows:

"We submit that in the amended declaration plaintiff seeks to recover under the same policy and exactly the same amount of damages which he seeks to recover under the original declaration. He alleges the same policy to be in full force and operation, the only difference being that under the original declaration he sets forth that the policy at the time of the accident was in full force and effect by reason of renewals from year to year, and in count two of the amended declaration, he sets forth that this same policy was in full force and effect by reason of a renewal thereof made by the agent of defendant, although the renewal certificate had not been delivered to the defendant (plaintiff) in person. No change or amendment whatever of the policy is sought."

In *Strang* v. *Branch Circuit Judge, supra,* Chief Justice LONG quoted with approval the rule as stated in 1 Enc. Pl. & Prac. p. 564, as follows:

"As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not the introduction of a new cause of action. The test is whether the proposed amendment is a different matter,—another subject of controversy,—or the same matter more fully or differently laid, to meet the possible scope and varying phases of the testimony."

And in *Ball* v. *Claflin*, 5 Pick. (Mass.) 303 (16 Am. Dec. 407) :

"The subject-matter of the new count must be the same as of the old. It must not be for an additional claim or demand, but only a variation of the form of demanding the same thing."

Since these rules and the decision in *Connecticut Fire Ins. Co.* v. *Monroe Circuit Judge, supra,* in 1889, the courts have become more liberal in the matter of amendments; they have slowly grown away from the early idea that amendments must be strictly restricted to the matters of the original pleadings. In the "furtherance of justice," this court has given to our statute of amendments (3 Comp. Laws 1915, § 12478), a very broad and liberal construction. The amendment does not introduce a new and distinct cause of action and the circuit judge was not in error in denying counsel's motion to strike it from the files.

It is next urged by counsel that there was not a completed contract of insurance between the parties at the time of the accident. The facts necessary to a determination of this question are undisputed. The plaintiff had been carrying an accident insurance policy with the defendant for several years. It was his custom to pay the premiums on receipt of the renewal certificates. The policy in question would expire March 29, 1920. The defendant had general agents in the city of Grand Rapids, and a soliciting agent in the city of Holland where plaintiff resided.

On February 5, 1920, the defendant wrote to its agent in Grand Rapids that before renewing plaintiff's policy it would require "a medical report bearing upon the present condition of his urine."   The plaintiff refused to comply with this request, claiming that having carried the policy for some time he had a vested interest in it and was entitled to a renewal without the expense of an examination.   He suggested that having recently passed an examination for $25,000 life insurance policy with the Massachusetts Mutual, the defendant could have the benefit of the medical report on that examination.   The defendant agreed to accept this in lieu of the examination requested in its letter of February 5, 1920.   This report was furnished, and on the 29th day of May, 1920, the defendant mailed to its agents at Grand Rapids a renewal certificate dated March 29, 1920, with instructions not to deliver it unless plaintiff was in good physical condition at the time.   This letter was not received by the agent until June 1st, two days after plaintiff's accident.

There is no provision in the policy in regard to renewals.   There is no stipulation in the application nor in the policy that it shall not become binding unless delivered to the insured while in good health. There is nothing in the written contract to indicate when the policy should become effective.   Treating the question independently of plaintiff's claim that the general agent agreed that the operation of the policy should not be postponed until a delivery of the renewal certificate, we are of the opinion that under the other facts a delivery was not essential to the validity of the policy.   The contract was complete when the risk was approved and the renewal certificate signed by the defendant and transmitted to its agent.   At that time the plaintiff had met all of the conditions imposed by the company in granting a renewal.   As delivery was not necessary to the validity of the

policy, nothing further remained to be done by either party to complete the contract.

"It is well settled that, where a contract of insurance has been agreed upon, no policy need be made out, or, if made out, its delivery is not essential to the validity of the contract." *Michigan Pipe Co.* v. *Insurance Co.*, 92 Mich. 482 (20 L. R. A. 277).

"While it is generally held, in the absence of an agreement to the contrary, that actual delivery is not a prerequisite of insurance, provided the contract is otherwise complete, and it is evident that the parties intended it should be effectual without manual delivery of the policy, although the ultimate issue of one was contemplated, it is also well settled that—

" 'If there be a provision or an agreement that the policy shall not be in force until actual delivery to the insured, the contract is not consummated nor the company bound in the absence of such delivery.' 1 Joyce on Insurance, § 98." *Bowen* v. *Insurance Co.*, 178 Mich. 63 (51 L. R. A. [N. S.] 587).

In the instant case there is no provision in the written contract that the policy shall not be in force until delivered. On the contrary, plaintiff testifies to an oral agreement with the general agent that delivery would not be necessary for his protection.

We think the language of *Connecticut General Life Ins. Co.* v. *Mullen*, 118 C. C. A. 345, 197 Fed. 299 (43 L. R. A. [N. S.] 725), is applicable to this case:

"The approval of the risk and the executing of the policy and the mailing of it by the company to its agents constituted a contract between the parties which was binding from the date of said approval and mailing, unless applicant, at the time of such acceptance, was in a poorer state of health than when he made his application. Being in the same state of health as when he applied for the insurance, he was insured, regardless of the fact that the policy was not actually delivered to him, or that he did not execute a formal undertaking to pay the premium."

As formal delivery was not essential to a completed contract, the fact that the defendant directed its agent

not to deliver the renewal certificate unless plaintiff was in good health has no bearing on the question which we are discussing.   Though it is conceded that plaintiff was in good health up to the time of the accident, it was no part of the contract that he must be in good health at the time of the delivery of the renewal.   In this and in other important particulars the case is distinguished in its facts from *Bowen* v. *Insurance Co., supra*, cited and relied on by counsel for the defendant.   The undisputed evidence shows that there was a completed contract of insurance between these parties at the time of the accident.   As the amount of damages is not in dispute, the circuit judge should have directed a verdict for the plaintiff for the reasons above stated.   The verdict was for the plaintiff.   Under the law and the evidence he was entitled to it.

It is unnecessary to discuss any of the other questions presented by the record.

The judgment is affirmed, with costs to plaintiff.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.